| 6  | 545 |
|----|-----|
| 26 | 304 |

DANIEL GEIGER, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law**: EVIDENCE. Under section 328 of the criminal code, neither husband nor wife are competent to testify concerning any communication made by one to the other during marriage. But when papers or letters are offered in evidence on the trial of a cause, which are pertinent to the issue, they should be admitted, and the court will not take notice how they were obtained, nor will it form a collateral issue to determine that question.

37

2. ———: ———: PRACTICE. Where there is no testimony what-
ever, showing the *value* of property stolen by the accused, other
than that with which he stands charged in the indictment,
it is not error for the court to refuse to instruct the jury that they
cannot add the value of such property to that in the indictment,
the court having previously instructed the jury that the ownership
of the property stolen must be proved as charged in the indictment.

3. ———: DISCRETION OF TRIAL COURT IN SENTENCING PRISONER.
Within the limits fixed by the statute, the term of imprisonment
to which a party convicted of crime may be sentenced, rests en-
tirely with the judge of the court before whom the case was
tried, and the judgment will not be set aside because it seems to
be severe.

THE plaintiff in error, upon an indictment for grand
larceny, found against him in Buffalo county, was found
guilty and sentenced to imprisonment in the penitenti-
ary for the term of four years.  Upon the trial before
GASLIN, J., and a jury, the contents of a letter, purport-
ing to have been written by the prisoner to his wife, was
offered in evidence.  The letter was not produced, but
the witness, Achey, testified that he had had it in his
possession; that he got it at Geiger's house: that it com-
menced—" Dear Wife," and continued—" I have looked
out a place for some more tar paper to-day, and if I have
luck, I will get enough to tar-paper the house, and I
have got flooring enough to lay the floor, and make a
door; siding enough to side up the house; and I have
got lumber to make a cupboard for you; and I have got
a rocking chair for you, and some glass, and lime, and
bedsteads."  To the introduction of this evidence, the
counsel for the prisoner objected on the ground that it
was a privileged communication, being from husband
to wife.  Objection overruled, and an exception taken.

The plaintiff in error requested the court to give the
following instruction to the jury, which the court refus-
ed to do, and an exception was taken.

" 3.  If the jury find that the defendant unlawfully

took from More & Sunderland, or other persons, other property than that described in the indictment, they will nevertheless be precluded from adding the value thereof to the value of any property described in the indictment, and which they may find was unlawfully taken by the defendant."

*Hamer & Conner*, for plaintiff in error.

Achey went to Geiger's house when Geiger had been arrested, and when his mother was gone and got a letter purporting to have been written by Geiger to his wife. We claim this letter was obtained surreptitiously, and that it was a privileged communication from husband to wife, and not admissible in evidence, if written by Geiger, and if not written by Geiger, certainly not admissible. It was not proved to have been written by Geiger, or mailed or sent by him. If it was not, then it should not have been introduced in evidence, because it was not the defendant's act. If it was written by defendant, then it should not have been admitted, because a privileged communication. Gen. Statutes, 582, section 331, 332.

*George H. Roberts*, Attorney General, for the State.

There were no errors in admitting or rejecting testimony on the grounds assigned by counsel at the time, as the statute provides. The only objection made to the letter at the time of the introduction of testimony concerning it was its privileged character—not of the want of proper foundation, as stated in assignment of errors, motion for new trial, and in brief.

The wife or husband cannot be compelled to disclose confidential communications. But even an eavesdropper can testify when of the *res gestœ* as to the communications; and papers and other subjects of evidence

which have been illegally taken from the possession of the party against whom they are offered, or otherwise unlawfully obtained, if pertinent to the issue, are admissible.    1 Greenleaf on Evidence, 287, § 254 a.

MAXWELL, J.

In the year 1876, the plaintiff in error was indicted by the grand jury of Buffalo county for the larceny of four hundred feet of pine flooring, of the value of $14.00; five hundred feet of pine siding, of the value of $11.50; one box of window glass, of the value of $5.00; one bedstead, of the value of $3.50; one barrel of lime, of the value of $2.50; and one lot of window stops and mouldings, of the value of $1.00; all of said goods being the property of Luman R. More and William C. Sunderland.

On the trial of the case the plaintiff in error was found guilty, and the property stolen was found to be of the value of $35.70.    A motion for a new trial having been overruled by the court, the plaintiff was sentenced to imprisonment in the penitentiary for the term of four years. To reverse the judgment the plaintiff has brought the cause before this court by a writ of error.

The first objection urged is that there is no sufficient proof of the identity of More and Sunderland as the owners of the property taken.    E. F. Lougee, a witness called by the state, testified that he "was doing business for M. & S. in 1875 in the lumber business; cannot say how long before bedstead was brought back; I saw it; lime and lumber kept in shed; plunder unloaded in street; I recognized the bedstead as the property of More and Sunderland; recognized the lumber as the property of More and Sunderland; measured it; I think there was about four hundred feet of flooring, worth $35 per M; measured siding, five hundred

feet, worth $23.00 or $24.00 per M; recognized the flooring as M. & S.'s; am not positive about the siding, but think it was ours (More & Sunderland's)."

W. C. Sunderland testified that he recognized the flooring, siding, bedstead, barrel of lime, box of glass, and that it had not been sold by the firm, and that the property was taken in Buffalo county. There is other testimony tending to show that the property stolen was owned by More and Sunderland, and we think there is sufficient on that point to warrant the jury in finding they were the owners of the stolen property.

The objection that the proof failed to show that the property was of the value of $35.00, is equally untenable. Sunderland identified the flooring, siding, bedstead, box of glass, and barrel of lime, and stated that the lime was of the value of $2.50, the window glass of the value of $5.00, and the bedstead of the value of $3.50. Other witnesses testified that the flooring was of the value of $14.00, and that the siding was of the value of $11.50, amounting in all to the value of $36.50.

Section three hundred and twenty-eight of the criminal code provides that neither husband nor wife shall be competent to testify concerning any communication made by one to the other during marriage. Where, however, papers or letters are offered in evidence on the trial of a cause, which are pertinent to the issue, they should be admitted, and the court will not take notice how they are obtained, nor will it form a collateral issue to determine that question. *Leggett v. Tollering*, 14 East, 302. *Jordan v. Lewis*, Id., 306. *Commonwealth v. Dana*, 2 Met., 337. But there is no admission of the plaintiff contained in the letter given in evidence tending to show that he was guilty of the offense charged.

There is no testimony whatever showing the *value* of any property found in possession of the plaintiff except that taken from More & Sunderland. There was there-

fore no evidence to warrant the third instruction asked by the plaintiff in error, and the court had already instructed the jury that to authorize a conviction they must find that the property taken by the plaintiff was the property of More and Sunderland, and of the value or in excess of $35.00.

On the whole case the plaintiff appears to have had a fair trial, and no errors appear in the record sufficient to authorize the reversal of the judgment. The sentence may appear to be severe, but that is a matter, within the limits fixed by statute, resting with the judge of the district court.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.