## COMMONWEALTH vs. JAMES McKIE.

On the trial of an indictment for an assault and battery, when the defendant sets up in defence no distinct and independent fact, but contends that upon the facts and circumstances, as proved by the evidence on both sides, constituting the transaction charged as criminal, he is not guilty, the burden of proof is on the government to satisfy the jury that the assault and battery were unjustifiable.

THE defendant was tried and convicted in the municipal court, before *Perkins*, J. who signed the following bill of exceptions: " This was an indictment for an assault and battery on William O. Eaton with a dangerous weapon. Evidence was offered by the government and also by the defendant. This evidence tended to show that the defendant struck Eaton with a dangerous weapon, in the manner charged in the indictment, and also that Eaton had spit in the face of the defendant in a public place, immediately before the striking. On this evidence, the defendant contended that he was justified in what he did to Eaton, by the act of Eaton in spitting in his face. No question was made or instruction requested as to the sufficiency of this as a justification in point of law, if made out.

" The defendant asked the court to instruct the jury, that if, on all the evidence, they were satisfied of the beating, but were left in reasonable doubt whether the beating was justifiable or not, they should acquit the prisoner. But the court instructed the jury that the burden of proof was on the government to satisfy the jury that the defendant did strike Eaton with a dangerous weapon, in the manner alleged in the indictment, and that if the government failed in this, they should acquit the prisoner ; but that if this was proved beyond a reasonable doubt, the burden was then on the defendant, to satisfy the jury of the justification, to wit, the spitting in the face of the defendant, which was the only justification contended for or relied upon, and if the jury were not satisfied of the fact relied upon for a justification, but were satisfied that the government had made out the allegations in the indictment, their verdict

must be against the defendant.    To these instructions the de-
fendant excepts."

This case was argued at March term 1853, by *R. H. Dana,*
*Jr.* for the defendant, and *R. Choate,* (Attorney General,) for the
Commonwealth.

BIGELOW, J.    Upon the facts stated in the bill of exceptions,
it is difficult to understand how the question of justification of
the assault alleged could have arisen at the trial of this cause.
The use of a weapon, dangerous to life and limb, to repel such
an assault as was shown to have been committed on the defend-
ant by the prosecutor, was unreasonable and wholly dispropor-
tionate to the exigency, and could furnish no legal excuse to
the defendant.    Under the circumstances as reported, the jury
should have been instructed, that the defendant had not en-
countered the case proved against him by the government, and
was liable to be convicted of the offence charged in the indict-
ment.    We feel bound to say thus much, lest by silence we
might seem to give sanction to a defence, which appears to
have been placed on untenable grounds.

The general rule as to the burden of proof in criminal cases
is sufficiently familiar.    It requires the government to prove
beyond a reasonable doubt the offence charged in the indict-
ment, and if the proof fails to establish any of the essential
elements necessary to constitute a crime, the defendant is en-
titled to an acquittal.    This results, not only from the well estab-
lished principle, that the presumption of innocence is to stand
until it is overcome by proof, but also from the form of the issue
in all criminal cases tried on the merits, which, being always a
general denial of the crime charged, necessarily imposes on the
government the burden of showing affirmatively the existence
of every material fact or ingredient, which the law requires in
order to constitute an offence.    If the act charged is justifiable
or excusable, no criminal act has been committed, and the alle-
gations in the indictment are not proved.    And this makes a
broad distinction in the application of the rule of the burden
of proof to civil and criminal cases.    In the former, matters of
justification or excuse must be specially pleaded in order to be

**shown** in evidence, and the defendant is therefore, by the form of his plea, obliged to aver an affirmative, and thereby to assume the burden of establishing it by proof; while in the latter, all such matters are open under the general issue, and the affirmative, namely, proof of the crime charged, remains in all stages of the case upon the government.

In the application of these familiar principles to particular cases, many nice distinctions have arisen, which it is unnecessary now to consider; because we are all of opinion that the case at bar falls clearly within the general rule. However the rule may be in cases where the defendant sets up, in answer to a criminal charge, some separate, distinct and independent fact or series of facts, not immediately connected with and growing out of the transaction on which the criminal charge is founded, there can be no doubt that in a case like the present the burden of proof remains on the government throughout, to satisfy the jury of the guilt of the defendant. It appears by the evidence, as stated in the bill of exceptions, that the justification, upon which the defendant relied, was disclosed partly by the testimony introduced by the government and in part by evidence offered by the defendant; and that it related to and grew out of the transaction or *res gesta*, which constituted the alleged criminal act. The defendant did not set up any distinct, independent fact in defence of the charge; he neither alleged, nor assumed to prove, any thing aside or out of the case on the part of the government; but he contended, taking the facts and circumstances, as proved by the evidence on both sides, constituting the transaction itself on which the case for the prosecution rested, that he was not shown to be guilty, because they did not prove, beyond a reasonable doubt, that he had committed the offence laid to his charge. An assault and battery consists in the unlawful and unjustifiable use of force and violence upon the person of another, however slight. If justifiable, it is not an assault and battery. 1 Hawk. *c.* 62, § 2. 1 Russ. on Crimes, (7th Amer. ed.) 750. 3 Bl. Com. 121. Bac. Ab Assault and Battery, B. 5 Dane Ab. 584. *Commonwealth* v *Clark*, 2 Met. 24.

Whether the act, in any particular case, is an assault and bat-tery, or a gentle imposition of hands or a proper application of force, depends upon the question whether there was justifiable cause. 2 Met. 25. If therefore the evidence fails to show the act to have been unjustifiable, or leaves that question in doubt, the criminal act is not proved, and the party charged is entitled to an acquittal. To illustrate this; it is clearly settled, that when an injury to the person is accidental, and the party defendant is without fault, it will not amount to an assault and battery. Rosc. Crim. Ev. 289. Now in a case of this sort, if the evidence offered by the government leaves it doubtful whether the injury was the result of accident or design, there can be no question of the right of the defendant to an acquittal, because it is left doubtful whether any criminal act was committed. But can the government, in such a case, on proving simply the injury to the person, rest their case, and call on the defendant to assume the burden of proof and satisfy the jury that it was accidental, or else submit to a conviction? If so, then a criminal charge can always be shown by proving part of a transaction, and the burden of proof can be shifted upon the defendant, by a careful management of the case on the part of the government, so as to withhold that part of the proof which may bear in his favor. But further; the rule of the burden of proof cannot be made to depend upon the order of proof, or upon the particular mode in which the evidence in the case is introduced. It can make no difference, in this respect, whether the evidence comes from one party or the other. In the case supposed, if it is left in doubt, on the whole evidence, whether the act was the result of accident or design, then the criminal charge is left in doubt. Suppose a case, where all the testimony comes from the side of the prosecution. The defendant has a right to say that upon the proof, so introduced, no case is made against him, because there is left in doubt one of the essential elements of the offence charged, namely, the wrongful, unjustifiable, unlawful intent. The same rule must apply where the evidence comes from both sides, but relates solely to the original transaction constituting the alleged criminal act, and forming part of the *res gesta.*

Even in the case of homicide, where a stricter rule has been held as to the burden of proof than in other criminal cases, upon peculiar reasons applicable to that offence alone, it is conceded that the burden is not shifted by proof of a voluntary killing, where there is excuse or justification apparent on the proof offered in support of the prosecution, or arising out of the circumstances attending the homicide. *Commonwealth* v. *York*, 9 Met. 116. *Commonwealth* v. *Webster*, 5 Cush. 305.

There may be cases, where a defendant relies on some distinct, substantive ground of defence to a criminal charge, not necessarily connected with the transaction on which the indictment is founded, (such as insanity, for instance,) in which the burden of proof is shifted upon the defendant. But in cases like the present, (and we do not intend to express an opinion beyond the precise case before us,) where the defendant sets up no separate independent fact in answer to a criminal charge, but confines his defence to the original transaction charged as criminal, with its accompanying circumstances, the burden of proof does not change, but remains upon the government to satisfy the jury that the act was unjustifiable and unlawful.

*Exceptions sustained.*