Gravely v. State.

GREEN S. GRAVELY V. STATE OF NEBRASKA.

FILED JANUARY 16, 1894.    No. 6143.

1. **Criminal Law:** BURDEN OF PROOF. In criminal prosecutions the burden of proof never shifts, but, as to all defenses which the evidence tends to establish, rests upon the state throughout; hence a conviction can be had only when the jury are satisfied, from a consideration of all the evidence, of the defendant's guilt beyond a reasonable doubt.

2. ———: ———. That rule applies not alone to the case as made by the state, but to any distinct, substantive defense which may be interposed by the accused to justify or excuse the act charged.

3. **Homicide:** SELF-DEFENSE. Where, in a prosecution for murder, there is evidence tending to prove that the killing was justifiable on the ground of self-defense, the jury, in order to convict, must be satisfied beyond a reasonable doubt that the killing was not done in self-defense.

4. **Instructions:** SELF-DEFENSE. It is error to instruct that the accused is required to justify the act charged in the indictment, on the ground of self-defense, by a preponderance of the evidence.

ERROR to the district court for Lancaster county. Tried
below before TIBBETS, J.

*William B. Price* and *Cobb & Harvey*, for plaintiff in
error:

It was error for the court to instruct the jury that it
devolves upon the defendant to justify his act, on the
ground of self-defense, by a preponderance of the evidence.
(*People v. Coughlin*, 32 N. W. Rep. [Mich.], 905; *State
v. Cross*, 26 N. W. Rep. [Ia.], 62; *State v. Coleman*, 6 S.
Car., 185; *Preuit v. People*, 5 Neb., 378; *Vollmer v. State*,
24 Neb., 838; *Farris v. Commonwealth*, 14 Bush [Ky.],
363; *Buckner v. Commonwealth*, 14 Bush [Ky.], 601;
*Commonwealth v. York*, 9 Met. [Mass.], 93; *Bush v. Com-
monwealth*, 78 Ky., 268; *State v. Coleman*, 3 Am. Crim.
Rep. [S. Car.], 180; *Erwin v. State*, 29 O. St., 186.)

*George H. Hastings, Attorney General*, for the state, to
sustain the instruction, cited: *United States v. Kan-Gi-
Shun-Ca*, 14 N. W. Rep. [Dak.], 437; *People v. Milgate*,
5 Cal., 127; *State v. Neely*, 20 Ia., 108; *Commonwealth v.
York*, 9 Met. [Mass.], 93; *People v. Schryver*, 42 N. Y., 1;
*People v. McCann*, 16 N. Y., 58; *Patterson v. People*, 46
Barb. [N. Y.], 625; *People v. Arnold*, 15 Cal., 476;
*People v. Stonecifer*, 6 Cal., 405; *State v. Knight*, 43 Me.,
11; *Commonwealth v. Knapp*, 10 Pick. [Mass.], 484; *Fife
v. Commonwealth*, 29 Pa. St., 429; *Silvus v. State*, 22 O.
St., 90; *State v. Turner*, Wright [O.], 20; *Commonwealth
v. Webster*, 5 Cush. [Mass.], 305.

POST, J.

This was a prosecution in the district court of Lancaster
county on the charge of murder in the first degree. A trial
was had at the September, 1892, term, at which the ac-
cused was convicted of murder in the second degree, and

which he now seeks to reverse by means of a petition in error addressed to this court. The only question which calls for notice is that presented by the following instruction given by the court on its own motion :

" It is incumbent upon the state to show by proof, beyond any reasonable doubt, that on the 28th day of May, 1892, the defendant Green S. Gravely fired a pistol shot at Charles Thomas, and said shot took effect upon the person of said Charles Thomas, and from the effects of said shot, so fired, the said Charles Thomas died ; that said act took place in Lancaster county, state of Nebraska ; that said act of the defendant was done purposely, with deliberation and premeditation and malice. After the state has established its case, as above, it then devolves upon the defendant to justify his act, on the ground of self-defense, and this he is required to do only by a preponderance of the evidence."

The particular objection to this instruction is the direction contained in the last sentence thereof, requiring the prisoner to justify the killing of the deceased, on the ground of self-fense, by a preponderance of the evidence. It is true there are many cases which sustain the rule as given by the trial court, but the decided weight of recent authority, including commentaries as well as decisions, is to the contrary. The rule seems to be that in criminal prosecutions the burden of proof never shifts, but rests upon the state throughout; and before a conviction can be had the jury must be satisfied, upon all the evidence, beyond a reasonable doubt, of the affirmative of the issue presented, viz., that the prisoner is guilty in manner and form as charged. This rule applies, not alone to the case as made by the state, but to any distinct, substantive defense which may be interposed in order to justify or excuse the act charged. (See 1 Greenleaf Ev. [15th ed.], 81, notes; 3 Greenleaf, Ev., 28, and note *a*; *People v. Riordan,* 117 N. Y., 71; *People v. Downs,* 123 N. Y., 558; *Tiffany v. Commonwealth,* 121 Pa. St., 165; *Rudy v. Commonwealth,* 128 Pa. St., 500; *Commonwealth v. McKie,*

67 Mass., 61; *People v. Coughlin*, 65 Mich., 704; *Lilien-thal's Tobacco v. United States*, 97 U. S., 237; *Howard v. State*, 50 Ind., 190; 1 Bish., Crim. Proced., 1048, 1051, 1066; 2 Bish., Crim. Proced., 669, 673.) Even in those jurisdictions in which the burden of proving a distinct defense rests upon the prisoner, the rule is generally held not applicable where it is sought to justify the act charged on the ground of self-defense. (See *Tweedy v. State*, 5 Ia., 434; *State v. Donahoe*, 78 Ia., 486; *State v. Wingo*, 66 Mo., 181; *People v. Rodrigo*, 69 Cal., 601.) This case is clearly within the principle stated in *Wright v. People*, 4 Neb., 407, although the defense interposed therein was insanity. In the opinion of the court in that case LAKE, C. J., after conceding the rule to be different in England, concludes: "By this rule the burden of this defense is shifted from the prosecution to the defendant, which we think ought never to be done."

If a distinction can be said to exist on principle between self-defense and insanity in the application of the rule which imposes upon the state the burden in criminal cases, it is in favor of the first named defense. This is obvious from the rules applicable to homicides. For instance, to constitute the crime of murder the prisoner on trial must have killed the deceased purposely and with malice. If the killing was justifiable, it was not malicious within any definition of the term; hence, it was not murder, nor even manslaughter. Thus it is apparent that the prisoner is not required to establish the facts relied upon as a justification by a preponderance of the evidence. If, upon a consideration of all of the evidence, the jury entertain a reasonable doubt of any fact essential to establish guilt, such doubt should be resolved in his favor. But this rule does not affect the presumption of sanity, or of malice, where the killing is wholly unexplained. Hence, the state is not required in the first instance to prove that the prisoner was sane at the time of the commission of the act charged; and

where, on the case as made out against him, there is no evidence tending to rebut the presumption of sanity, evidence to the contrary must be produced by him; and where the evidence of the state discloses no circumstances tending to establish a justification of the act charged, the prisoner is required to produce evidence sufficient to create a reasonable doubt of his guilt in order to entitle him to an acquittal on that ground. In that sense the burden may be said to be upon the prisoner, but as to all defenses which the evidence tends to establish, the burden rests upon the state. As indicated by the instruction given, there was in this case evidence which tended to prove that the killing of the deceased was justifiable on the ground that the fatal shot was fired by the prisoner in defense of his person. The burden was, therefore, upon the state, and it was not entitled to a conviction unless the jury were satisfied beyond a reasonable doubt that the shooting was not justifiable. It follows that the giving of the instruction complained of is error, for which the judgment must be reversed and the case remanded for a new trial.

REVERSED.