FRED YEOMAN v. STATE OF NEBRASKA.*

FILED MARCH 19, 1908.   No. 15,452.

1. Criminal Law: INSTRUCTIONS. When his attention is called to that point, it is the duty of a trial judge, in a criminal case, to instruct the jury concerning the presumption of innocence to which the defendant is entitled, and he is not excused from so doing because an instruction presented by the defendant is improper in form. In such case he should modify the instruction by eliminating the objectionable portion thereof, or prepare and submit to the jury a proper instruction on his own motion.

2. ——: ——. If, in a criminal case, the trial judge gives the jury an instruction which is technically correct, but couched in

* Rehearing allowed. See opinion, p. 252, post.

terms which in the opinion of counsel for the defendant are liable to be misunderstood or misapplied by the jury, it is the duty of such counsel to call the attention of the court to the supposed defect and present a suitable instruction. In default of his so doing the defendant cannot complain of the defect.

3. ———: INFORMATION: SEVERAL COUNTS: SENTENCE. Where the different counts in an information charge the same offense, in case of a conviction on each count the rule is to render a single sentence upon all the counts for the one entire offense.

4. Intoxicating Liquors: INFORMATION: EVIDENCE: VARIANCE. In an information charging the unlawful sale of intoxicating liquors, a count alleging a joint sale to two persons named is not sustained by evidence showing separate sales to each of them.

ERROR to the district court for Gosper county: ROBERT C. ORR, JUDGE. *Reversed.*

*J. L. McPheely,* for plaintiff in error.

*W. T. Thompson, Attorney General, Grant G. Martin* and *O. E. Bozarth, contra.*

CALKINS, C.

The defendant was charged in an information containing 15 counts. The first 13 counts were for selling intoxicating liquor without license to divers persons on divers dates. The fourteenth and fifteenth counts were for having such liquor in his possession for the purpose of unlawfully selling the same, the fourteenth on the date of December 22, 1906, and the fifteenth on the date of May 3, 1906. The jury found the defendant guilty upon counts 3, 4, 8, 9, 14 and 15, and not guilty as to the other counts contained in said information. The court sentenced the defendant to pay a fine of $500 each on the fourth and fourteenth counts, and suspended sentence on the conviction had upon counts 3, 8, 9 and 15. From this judgment the defendant prosecutes error.

1. The defendant prepared and presented to the court an instruction in the following form: "At the commencement of this trial the defendant is presumed to be inno-

cent, and that presumption of innocence is just as strong as any other fact which may be proved in the case. And this presumption of innocence should be considered by you in your deliberations until overcome by evidence so strong and conclusive as to convince you, beyond a reasonable doubt, of the guilt of the defendant." This instruction the court refused to give; and the jury was not otherwise instructed by it on the presumption of innocence. A defendant charged with a criminal offense is presumed to be innocent, and this legal presumption of innocence should be considered and weighed by the jury as a fact until overcome by evidence sufficient to convince it of his guilt beyond a reasonable doubt. *Garrison v. People,* 6 Neb. 274; *Long v. State,* 23 Neb. 33; *Bartley v. State,* 53 Neb. 310; *McVey v. State,* 57 Neb. 471. For a discussion of this principle, and of the distinction as to the presumption of innocence, the burden of proof, and reasonable doubt, see Lawson, Law of Presumptive Evidence, p. 505 *et seq.; Coffin v. United States,* 156 U. S. 432. Had a proper instruction embodying this rule been presented to the court, its refusal to give the same would have constituted reversible error; but the instruction presented by the defendant invaded the province of the jury by informing them that this presumption "is just as strong as any other fact which may be presented in the case." It is exclusively for the jury to say what weight shall be accorded to this presumption of innocence. An instruction which tells it that this presumption is as strong as any other fact is clearly improper, and the instruction offered by the defendant should not have been given in the form in which it was presented.

It has been held by this court that no conviction in a criminal case will be reversed for mere nondirection, where no instructions were requested by the accused. *Gettinger v. State,* 13 Neb. 308. And where the defendant desires instruction upon matters not embodied in the charge made by the court on its own motion, or desires matters contained in such charge to be more specifically

stated, it is his duty to prepare and present the same. In default of his so doing, the failure of the court to direct the jury or to make its own instructions more specific in the matters complained of will not be error. *Hill v. State,* 42 Neb. 503; *Housh v. State,* 43 Neb. 163; *Barr v. State,* 45 Neb. 458; *Edwards v. State,* 69 Neb. 386; *McConnell v. State,* 77 Neb. 773. The language used in some of the foregoing cases declares that it is the duty of the defendant in such cases to prepare and present proper instructions, but in none of the cases above cited was an instruction improper in form presented by the defendant, and the precise question here presented was not before the court, nor has it been presented in any case to which our attention has been directed. The law of the presumption of innocence, like that of reasonable doubt and the burden of proof, is applicable alike to all criminal cases; and the question presents itself whether upon these principles of universal application the judge should not, when his attention is called thereto, instruct the jury, even though the defendant has embodied matter in the instruction by which he challenges the attention of the court, which should be eliminated therefrom before it is given to the jury. The concrete question is whether in this case, when the instruction was presented, the trial judge should not have stricken out the objectionable part, and submitted to the jury the instruction thus corrected, or, having his attention called to the same, have prepared an instruction in his own language covering the point. In civil cases it has been held that to entitle an instruction to be given it must be wholly correct in point of law. 2 Thompson, Trials, sec. 2349. But it is also the rule of law that, unless there is a statute requiring the judge in all cases to give or refuse instructions in the terms in which they are presented to him, it is his right and duty, if they do not conform to his view of the law, to modify them so that they shall state the law correctly as he understands it, and to give them to the jury as thus modified. 2 Thompson, Trials, sec. 2350.

In determining whether the rule that mere nondirection by the trial court is insufficient ground for reversal, unless the defendant has prepared and presented instructions upon the point in question, should be applied to a case where the defendant prepares and presents an instruction which sufficiently calls the attention of the court to the point to be covered thereby, but which should be modified before given, we should look to the reason for the rule. It is said to rest upon the foundation that the facts of the case come to the mind of the judge as matters of first impression, and that it will often be extremely difficult for him, in the short time allowed for a trial before a jury and in the midst of such a trial, to prepare a series of instructions applicable to all the hypotheses presented by the evidence. On the other hand, counsel are presumed to have studied their case beforehand, to come to the court with a fair understanding of the facts which will probably be proved, and with a full knowledge of the law applicable to those facts. It is therefore their duty to give attention to the charge of the judge, and, if in their opinion it omits to give direction as to the law applicable to any essential feature of the evidence, to call his attention to the omission and to request appropriate suppletory instructions. And, where they fail thus to call his attention to something which he may fairly be supposed to have omitted from inadvertence, they ought not to be allowed to complain of the omission in an appellate court. 2 Thompson, Trials, sec. 2341. It is equally as clear that the reasons for the rule apply to all those questions which are peculiar to a particular case, as that they do not apply to those questions which are common to every case. Concerning the former it is well said that the facts must come to the judge as matters of first impression, and that counsel are presumed to come to the court with a fair understanding of the facts and a full knowledge of the law applicable thereto. In the latter, such a presumption would be unfounded, and usually untrue. Concerning the general principles applicable to

every criminal case, the judge should, and he usually does, come to the trial better equipped than counsel. We therefore conclude that the rule in question, though highly salutary in the cases to which it has been applied, does not embrace the case we are now considering; that it is the duty of the trial judge in a criminal case, when his attention is directed to the law on the presumption of innocence, to charge the jury thereon; and he is not excused from so doing by the fact that in the instruction presented by the defendant he asks more than he is entitled to. In such case, the trial judge should modify the instruction by eliminating the objectionable portion thereof, or should prepare and submit to the jury a proper instruction on his own motion. His failure to do so is reversible error.

2. One of the instructions given by the court upon its own motion was as follows: "The court instructs the jury that in criminal prosecutions the burden of proof never shifts, but, as to all defenses which the evidence tends to establish, rests upon the state throughout; hence, a conviction can be had only when the jury are satisfied from a consideration of all the evidence of the defendant's guilt beyond a reasonable doubt. That rule applies not alone to the case as made by the state, but to any distinct, substantive defense which may be interposed by the accused to justify or excuse the act charged." It is contended that this instruction shifted the burden of proof from the state to the defendant as to any distinct, substantive defense which might be interposed by the accused to justify or excuse the act charged. A casual reading of the instruction might leave the impression that it was to be so construed; but a more critical study shows that it is not susceptible of that construction. Our attention is called to the circumstance that this instruction is taken almost word for word from paragraphs numbered 1 and 2 of the syllabus in *Gravely v. State,* 38 Neb. 871, and it is argued by the state that it therefore has the approval of the court. It does not follow that a

syllabus approved by the court as such is necessarily approved by the court as an instruction to a jury. It is desirable that the language used in an instruction should be adapted to the understanding of the body to which it is directed, and it should be as clear as possible. It is not to be expected that a judge, however learned and able he may be, will always use language that is incapable of being misunderstood. If he submits an instruction which is technically correct, but couched in terms which in the opinion of counsel for the defendant are liable to be misunderstood or misapplied by the jury, it is the duty of such counsel to call the attention of the court to the supposed defect and present a suitable instruction covering that branch of the case; and, failing so to do, the defendant cannot afterwards complain of the defect. This is within the rule discussed in the first paragraph of this opinion.

3. The third count of the information charged the defendant with selling to A. M. Simpson on May 3, 1906, without having procured a license therefor, two glasses of whiskey; and the fourth count charged the defendant with having on the same day sold to the same person a half pint of whiskey. The testimony of Mr. Simpson shows that he went to defendant's place of business on May 3, 1906, and purchased two glasses of whiskey, which he drank, and a half pint of whiskey, which he carried away in a bottle, for the whole of which he paid at one and the same time 45 cents. There can be no question but that this was a single transaction, and it cannot be split into two distinct offenses. The attorney for the state takes the position that it is not necessary to consider this question, since the judge sentenced the defendant upon one of these counts only, suspending sentence as to the other. The effect of a suspension of sentence upon one count, when the defendant is convicted upon several, was not discussed, and will not be considered. It is enough to say, for the guidance of the court in a future trial, that, where the same offense is charged in different counts,

there should be but one sentence. *In re Walsh,* 37 Neb. 454.

4. The eighth count of the information charged the defendant with the unlawful sale of intoxicating liquor to W. S. Robbins and Gilbert Phillips. The evidence tending to sustain this charge shows that the two parties together went to the defendant's drug store, where Phillips ordered two drinks of whiskey, of which he drank one and Robbins the other, Phillips paying for both. After this Robbins ordered two drinks, of which he drank one and Phillips the other. Robbins also ordered a half pint of whiskey, for which he paid, together with the two drinks which he had ordered. It is contended that this does not show a joint sale to the two parties, but a separate sale to each of them, and we must confess that the contention seems to us well grounded. Tested by any of the rules of law relating to the joinder of parties or of actions, each of these was a separate transaction. Suppose, instead of being a cash transaction, the liquor had been purchased on credit, and the parties had left when the first transaction was completed, could the vendor have maintained a joint action against the two parties? Or, suppose that Phillips had paid for the drinks ordered by him, and Robbins had made his purchase on credit, is it not plain that the only action the vendor could bring would be against Robbins? The proof fails to show a joint sale to these parties, and the jury should have been so instructed.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for a new trial.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.

The following opinion on rehearing was filed October 8, 1908. *Former opinion as modified adhered to:*

1. Criminal Law: ILLEGAL SALE OF LIQUORS: PRESUMPTION OF INNO-CENCE. A defendant, when on trial charged with the crime of selling intoxicating liquor without a license, is presumed to be innocent until such a time as the evidence establishes his guilt beyond a reasonable doubt, and he is entitled to have the jury so instructed.

2. ———: ———: ———. A person charged with the keeping of intoxicating liquors for the purpose of unlawfully selling or disposing of the same, where such liquor is found in his possession, is not entitled to the presumption of innocence which usually surrounds the defendant in a criminal prosecution, because the statute makes such possession presumptive evidence of a violation of ch. 32, Ann. St. 1907, regulating the license and sale of intoxicating liquors in this state.

3. ———: REVIEW. The supreme court may reverse a judgment of the district court, in a criminal case, in part and affirm it in part, where the legal part is severable from that which is illegal.

4. Judgment Modified: Former judgment herein modified and adhered to.

BARNES, C. J.

By our former opinion in this case, *ante,* p. 244, the judgment of the district court was reversed for a failure to instruct the jury as to the presumption of innocence which ordinarily surrounds the accused in a criminal prosecution.

It is contended by the state that the failure to instruct the jury on that point was error without prejudice, because two of the fifteen counts contained in the information charged the defendant with the crime of unlawfully keeping or having in his possession certain intoxicating liquors for the purpose of unlawfully selling or disposing of the same. It is further contended by the attorney general, on whose application the rehearing was granted, that in any event the judgment of the district court should be affirmed in so far as it relates to the fourteenth count

of the information, because as to that count the ordinary presumption of innocence is supplanted by that provision of the statute which declares that the possession of such liquors shall be presumptive evidence of a violation of the chapter regulating the license and sale of malt, spirit: uous and vinous liquors in this state. We may say at the outset that we deem the state's first contention unsound; for as to all of the charges of selling intoxicating liquors without a license the defendant was presumed to be innocent, and this presumption was sufficient to acquit him until the evidence established his guilt beyond a reasonable doubt. Therefore we are still of opinion that the district court erred in refusing to instruct the jury on that point as requested by the defendant. Moreover, we approve of all that was said in our former opinion on that subject, and adhere to so much thereof as reverses the judgment of the district court on the charges for selling intoxicating liquors without a license.

As to those counts which charge the defendant with keeping and having such liquors in his possession with the intent and for the purpose of unlawfully selling and disposing of them, we are satisfied that a different rule should prevail. The statute clearly provides that, when such liquors are found in the defendant's possession, the presumption of innocence to which he would ordinarily be entitled must give way, and he is presumed to have violated the chapter regulating the license and sale of intoxicating liquors, unless he can satisfactorily explain such possession. Therefore as to those counts he was not entitled to the instruction requested. We may also say, in passing, that the failure of the court to instruct the jury as to the statutory presumption in such cases was error of which the prosecution alone could complain. So far as we are able to ascertain, the record is without error as to the fourteenth and fifteenth counts of the information upon which the defendant was convicted.

This brings us to the question of our power to reverse the judgment of the district court in part and affirm it

in part. It is with some hesitation that we have reached the conclusion that this may be done. In 12 Cyc. 937, it is said: "The appellate court may reverse a judgment of a lower court as to part and affirm as to part, where the legal part is severable from that which is illegal." This rule, we find, is supported by the decisions of the courts of last resort in many of the states, and it also appeals to sound reason. Now, in the case at bar, each count of the information charges the defendant with a distinct and separate crime; the verdict specifically responds to each of said counts, and a several, separate and distinct judgment appears to have been pronounced upon each of the separate findings of the jury as expressed in their verdict. Therefore a reversal of the judgment of the trial court on the several charges of selling intoxicating liquors without a license should have no effect upon the sentence based on the fourteenth count of the information, which charges the defendant with keeping and having intoxicating liquors in his possession for the purpose of unlawfully disposing of them, and on which the jury found him guilty. We are therefore of opinion that as to that count the judgment of the district court should be affirmed, and to this extent our former judgment should be modified.

For the foregoing reasons, the judgment of the district court based on the fourteenth count of the information, requiring the defendant to pay a fine of $500, is affirmed, and our former opinion, as thus modified, is adhered to.

JUDGMENT ACCORDINGLY.