CHARLES BILLINGS V. STATE OF NEBRASKA.

FILED JANUARY 16 1923. No. 22990.

1. **Criminal Law:** EVIDENCE UNLAWFULLY OBTAINED: ADMISSIBILITY. Where articles or information are offered in evidence, which are pertinent to the issue, the court will not exclude them because they may have been obtained in an irregular or illegal manner.

2. ———: ———: ———. Where an officer acting under a search warrant seizes property beyond the scope and terms of the writ, such act under certain circumstances is a violation of section 7, art. I of our Constitution, but the mere fact that the constitutional right of search and seizure has been violated does not militate against receiving in evidence, against the party from whose possession they were obtained, the articles so seized and the information so procured.

3. **Searches and Seizures:** APPLICATION OF FEDERAL PROVISION. The fourth amendment to the ·Constitution of the United States relating to searches and seizures only applies to the federal government and its agencies.

4. **Courts:** STATE CONSTITUTION: EFFECT OF FEDERAL DECISIONS. De-

cisions of the supreme court of the United States construing the fourth amendment to the federal Constitution are not controlling or necessarily binding on this court in the construction of section 7, art. I of our Constitution.

5. Instructions examined, and *held to* correctly submit the issues to the jury.

ERROR to the district court for Antelope county: AN-SON A. WELCH, JUDGE. *Affirmed.*

*J. F. Boyd,* for plaintiff in error.

*Clarence A. Davis,, Attorney General,* and *Charles S. Reed, contra.*

Heard before MORRISSEY, C. J., LETTON, DAY and FLANSBURG, JJ., SHEPHERD, District Judge.

DAY, J.

Charles Billings, hereinafter designated defendant, was convicted upon an information charging him with unlawfully having in his possession a still or equipment for the manufacture of intoxicating liquors, and also for unlawfully having in his possession ten gallons of mash to be used in the manufacture of intoxicating liquors. He was adjudged to pay a fine of $500 and costs, and to be imprisoned in the county jail for a period of 30 days. To review this judgment he has brought the record of his conviction to this court.

The defendant contends that the trial court erred in overruling his motion, made before the commencement of the trial, for a return to him of all articles seized by the sheriff under a search warrant, and also to suppress the evidence thus secured, for the reason that the articles seized and the information obtained were beyond the scope of the search warrant, both as to the articles to be seized and the place to be searched. Defendant also contends that it was error for the court, over his objection, to permit the articles so seized to be introduced in evidnce, and also to permit the officers to testify concerning

information obtained by them in the execution of the writ.

The record shows that the county judge of Antelope county upon a proper affidavit issued and delivered to the sheriff of said county a search warrant commanding him to search the "residence and buildings" of the defendant for intoxicating liquor, the residence and buildings being described as situate on a specifically described quarter section of land. While the sheriff was executing the writ, his attention was attracted to some suspicious circumstances which he proceeded to follow up, and out in the field some distance from the residence and buildings he discovered a still fully set up and equipped, which was concealed by being covered over with hay. He also found on the premises concealed in the same manner a quantity of rye mash. The sheriff took possession of these articles under the writ, and also arrested the defendant. Thereupon the sheriff filed a complaint upon which this information is based against the defendant, charging him with the unlawful possession of a still and mash for the manufacture of intoxicating liquors.

It is argued by the defendant's counsel that, in view of the fact that the articles seized by the sheriff were not specifically described in the search warrant, and that the place where they were found was not the place designated to be searched, therefore the articles themselves as well as the information gained by the sheriff were illegally obtained, and that in allowing such evidence to be received upon the trial the fourth amendment to the Constitution of the United States, as well as section 7, art. I of our own Constitution, was violated.

The provisions of the federal and state constitutions above referred to are in identical language, and are as follows: "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause, supported by

oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized."

We first consider the question presented in the light of our own Constitution. Assuming for the purpose of this decision that the sheriff in seizing the still and mash exceeded the authority which the search warrant gave him, does it follow that the articles so obtained and the information gathered cannot be introduced in evidence? The great weight of authority as announced by the state courts, our own included, seems to favor the doctrine that evidence which is pertinent to the issue being tried is admissible without regard to the manner in which it was obtained. Involuntary confessions, however, rest upon a different footing. This court for a period of more than 45 years has steadily adhered to this doctrine. In *Geiger v. State,* 6 Neb. 545, an objection was made to the receiving in evidence of a letter from the defendant to his wife, which had been procured by the state. Notwithstanding a section of our statute which renders the husband and wife incompetent to testify concerning any communication made by one to the other during the marriage, the court held that, where papers or letters are offered in evidence in the trial of a case which are pertinent to the issue, they should be admitted, and the court will not take notice how they were obtained, nor will it form a collateral issue to determine that question. In *Russell v. State,* 66 Neb. 497, a pair of old shoes worn by the defendant at the time he was arrested was taken from the jail in his absence and without his consent and received in evidence, and it was held not to be a violation of his constitutional right to be secure against unreasonable searches and seizures. In *Younger v. State,* 80 Neb. 201, shoes which had been forcibly taken from the defendant were offered and received in evidence over his objection, and it was held that, where articles are offered in evidence which are pertinent to the issue, the court will not exclude them on account of the manner in

which they were obtained. In *Nixon v. State*, 92 Neb.
115, the action was a prosecution for violating the liquor
laws of this state. It was held that it was not error to
permit the state to introduce a federal liquor license is-
sued to the defendant which was obtained from the de-
fendant by stealth.

Among the many well-reasoned decisions upon the pre-
cise point in issue, we quote from the case of *People v.
Mayen*, 188 Cal. 237. In that case articles were taken
under an invalid search warrant. The trial court denied
a return of the articles to the defendant, and they were
afterwards received in evidence. In disposing of the
case, the court said:

"Without at all minimizing the gravity of such offense,
or the sacredness of the right of every citizen to be se-
cure in his person, home, and property from any unlawful
invasion by the state, it does not follow that the subse-
quent detention and introduction in evidence of the
property thus wrongfully taken constituted error on the
trial of the appellant. The trespass committed in the
wrongful seizure of these personal effects by unauthorized
officers, and the subsequent use of the same in evidence
on the part of the prosecution, were in legal effect en-
tirely distinct transactions with no necessary or inherent
relation to each other. * * * No authority, so far as we
have been able to discover, has suggested that the subse-
quent use of articles so taken as evidence is in itself any
part of the unlawful invasion of such constitutional guar-
anty. The search and seizure are complete when the
goods are taken and removed from the premises. Whether
the trespasser converts them to his own use, destroys
them, or uses them as evidence, or voluntarily returns
them to the possession of the owner, he has already com-
pleted the offense against the Constitution when he makes
the search and seizure, and it is this invasion of the
rights of privacy and the sacredness of a man's domicile
with which the Constitution is concerned. The Consti-

tution and the laws of the land are not solicitous to aid
persons charged with crime in their efforts to conceal or
sequester evidence of their iniquity.    From the necessi-
ties of the case the law countenances many devious
methods of procuring evidence in criminal cases.    The
whole system of espionage rests largely upon deceiving
and trapping the wrongdoer into some involuntary dis-
closure of his crime.    It dissimulates a way into his con-
fidence; it listens at the keyhole and peers through the
transom light.    It is not nice, but it is necessary in fer-
reting out the crimes against society which are always
done in darkness and concealment.    Thus it is that al-
most from time immemorial courts engaged in the trial
of a criminal prosecution have accepted competent and
relevant evidence without question, and have refused to
collaterally investigate the source or manner of its pro-
curement, leaving the parties aggrieved to whatever di-
rect remedies the law provides to punish the trespasser,
or recover the possession of goods wrongfully taken. * * *.
The fallacy of the doctrine contended for by appellant
is in assuming that the constitutional rights of the de-
fendant are violated by using his private papers as evi-
dence against him; whereas it was the invasion of his
premises and the taking of his goods that constituted
the offenses irrespective of what was taken or what use
was made of it; and the law having declared that the
articles taken are competent and admissible evidence,
notwithstanding the unlawful search and seizure, how
can the circumstance that the court erred  in an inde-
pendent proceeding for the return of the property on
defendant's demand add anything to or detract from
the violation of defendant's constitutional rights in the
unlawful search and seizure?"

In *Commonwealth v. Tibbetts,* 157 Mass. 519, it was
said:    "Evidence which is pertinent to the issue is ad-
missible although it may have been procured in an ir-
regular or even an illegal manner.    A trespasser may

testify to pertinent facts observed by him, or may put in evidence pertinent articles or papers found by him while trespassing. For the trespass he may be held responsible civilly, and perhaps criminally; but his testimony is not thereby rendered incompetent."

We cite a few of the many cases supporting this general doctrine: *Gindrat v. People,* 138 Ill. 103; *State v. Pomeroy,* 130 Mo. 489; *State v. Griswold,* 67 Conn. 290; *State v. Flynn,* 36 N. H. 64; *State v. Madison,* 23 S. Dak. 584. The same rule is announced in *Adams v. New York,* 192 U. S. 585.

Some of the decisions sustaining the general doctrine, especially with reference to the seizure of liquor, are based upon the idea that there was no property right in the individual in intoxicating liquors, and hence taking the property illegally was no invasion of constitutional rights. *City of Sioux Falls v. Walser,* 187 N. W. (S Dak.) 821; *United States v. Fenton,* 268 Fed. 221. Other cases hold that the seizure of intoxicating liquor illegally held is not unreasonable.

The only doubt which has been cast upon the correctness of this rule is based upon the decisions of the United States supreme court in *Boyd v. United States,* 116 U. S. 616, *Weeks v. United States,* 232 U. S. 383, and *Silverthorne v. United States,* 251 U. S. 385. Without attempting a general analysis of these cases, we think it may be conceded that the general conclusion is that, where the federal government or its agents has obtained possession of the property of a defendant through an unlawful search and seizure, and where the defendant has made a timely application for a return to him of the property so seized, which demand has been denied, it is error for the court to permit such property to be used against him upon the trial, as it violates the fourth and fifth amendments to the federal Constitution.

The rule is well settled that the fourth amendment to the federal Constitution relating to searches and seizures

only applies to the federal government and its agencies, and has no application to the officers of state governments or to individuals. The decisions of the supreme court of the United States in construing the federal Constitution are of course supreme; but, as to those provisions of the Constitution of the United States which go no further in their application than to the officers and agencies of the government, such decisions are not binding upon the state courts. *Weeks v. United States,* 232 U. S. 383; *Gindrat v. People,* 138 Ill. 103; *People v. Mayen,* 188 Cal. 237; 12 C. J. 744, sec. 161.

In view of the fact that our own decisions are in harmony with the great weight of authority, and that the rule announced has been enforced for so many years, we are not disposed to depart from it.

It is suggested that the sheriff was rightfully upon the premises, and that the taking of the property under the circumstances disclosed by the record was not illegal. In the view we have taken, it seems unnecessary to pass upon that phase of the case.

The defendant also complains of certain instructions of the court as being misleading. An examination of the instructions, considered as a whole, clearly shows that the case was fairly submitted to the jury for its consideration.

Upon an examination of the entire record, no error is found, and the judgment is, therefore,

AFFIRMED.