### G. W. BUSH V. STATE OF NEBRASKA.

FILED JULY 7, 1924. No. 23926.

1. **Criminal Law:** EXHIBITS UNLAWFULLY OBTAINED: ADMISSIBILITY. That possession of exhibits offered in evidence in a criminal action may have been obtained in an irregular or illegal manner constitutes no valid reason for excluding them, if they are pertinent to the issues being tried.

2. ———: ———: ———. The fact that the jury may have

seen the exhibits in the courtroom prior to their being offered in evidence is not prejudicial error, where it appears that the exhibits were subsequently, during the trial, properly identified and received in evidence.

3. ———: ADMISSIONS: WARNING. Under the law of this state, it is not necessary to first warn a prisoner under arrest that any statements he may make may be used against him, as a condition to proving inculpatory statements made at the time of his arrest.

4. ———: ———. The general rule is that, before a confession made by a defendant in a criminal case may be received in evidence, it must be shown that it was freely and voluntarily made.

5. ———: ———. There is a distinction between confessions and mere inculpatory statements. Admission made by a prisoner of one, but not all, of the essential elements of the crime does not amount to a confession.

6. Evidence examined, and *held* sufficient to support the verdict.

ERROR to the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Affirmed.*

*H. T. White* and *P. W. Emery,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *George W. Ayres, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, GOOD, and THOMPSON, JJ., and REDICK, District Judge.

GOOD, J.

Plaintiff in error (hereinafter referred to as defendant) prosecutes error to review the record of his conviction of the offenses of unlawful possession of a still, mash and intoxicating liquors.

Defendant insists that the trial court erred in admitting in evidence certain exhibits, because their possession had been obtained by virtue of a search warrant that was issued upon a complaint which was not sworn to by an officer of the state or county, or a creditable freeholder of the county, and because the warrant did not describe with certainty

the premises to be searched.   No objection is raised as to the pertinency of the evidence to the issues being tried. That possession of the exhibits may have been obtained in an irregular or illegal manner constitutes no valid reason for excluding them, if they are pertinent to the issues being tried.   This precise question has been recently decided by this court in *Billings v. State*, 109 Neb. 596, wherein the authorities are reviewed and the rule announced as follows: "Where articles or information are offered in evidence, which are pertinent to the issue, the court will not exclude them because they may have been obtained in an irregular or illegal manner."

Error is urged in permitting the county attorney to place all the equipment and material, which defendant was charged with having in his possession, in full view of the jury before the same had been offered in evidence.   The exhibits must necessarily have been produced in court and in the presence of the jury before they could be properly identified by witnesses and offered in evidence.   The fact that the jury may have seen the exhibits prior to being offered in evidence certainly could not have been prejudicial to the defendant.   The question is devoid of merit.

It is contended that the court erred in admitting a purported oral confession, made by defendant to police officers at the time of his arrest, on the ground that he was not cautioned before he made the statement, that it might be used against him, and because it was not affirmatively shown that the alleged confession was made freely and voluntarily.   While a number of the states have a statute which requires that a defendant, who is under arrest, must first be cautioned that any statements made by him may be used against him, before they can be offered in evidence, this state has no statute of that character.   The general rule is that, in the absence of statute, it is not necessary to first warn a prisoner under arrest that any statements he may make may be used against him, although it is a very proper thing to do.   The so-called confession consists of answers made by the defendant to questions propounded

by the police officers at the time of the arrest. When the officers went to the premises occupied by the defendant—a two-story residence property—they found the defendant on the second floor of the building, and that no other person was on that floor. They found a still in full operation, intoxicating liquor being distilled, about 2,000 gallons of mash in barrels, and a considerable quantity of intoxicating liquor. In response to questions, defendant stated that he owned the still; that he had been in the business for 30 or 40 days; that he was turning out about 70 gallons of liquor a day; and further stated: "You have caught me in the act. * * *  I haven't got much to say on it till I see my attorney."

The general rule is that, before a confession may be received in evidence, it must be shown that it was freely and voluntarily made. However, we think the statements do not amount to a confession, but are merely statements against interest, or what may be strictly termed inculpatory statements. The authorities make a distinction between confessions and mere inculpatory statements. An admission, made by a prisoner, of one, but not all, of the essential elements of the crime does not amount to a confession. *Burnett v. State,* 86 Neb. 11; 16 C. J. 716, sec. 1466. The statement of the text in Corpus Juris, substantially as given, is supported by a large number of authorities. In the instant case, the statements are not sufficient, in themselves, to show the defendant's guilt. Mere possession of the still or of mash or of intoxicating liquor is not necessarily a crime. One may have in his possession a still for a legitimate and lawful purpose, as for the distilling of water. The statements do not contain any admission that defendant did not have a permit to manufacture intoxicating liquors. The statements fall short of being an admission of all facts essential to constitute the crime. But, had the statements amounted to a confession, they still were properly received in evidence. The witnesses purported to detail all that was said and done. The defendant was a witness in his own behalf. Nowhere does it appear in the

record that there was any threat or promise of immunity or any inducement of any character held out to defendant to cause him to make the statements. Taking the record as a whole, it fairly appears that the statements were made freely and voluntarily.

It is further urged that the evidence is insufficient to support the verdict. The record discloses that when the police officers entered the building they found the defendant, and no other person, on the second floor of the building and a still in full operation, 40 barrels of mash and a large quantity of intoxicating liquor; that defendant was familiar with the still and was apparently operating it; that his arms, to his elbows, were covered with mash; that he was dressed only in his underwear, trousers and shoes; that defendant claimed he had gone upstairs for the purpose of changing his clothing, and that he had taken off his shirt preparatory to putting on a clean shirt, further stating that it was the first time he had ever been in the building. It appears that he had no other clothing on the second floor than that which he had on; that there were no articles of furniture on that floor, save some chairs. There were other circumstances disclosed which it seems needless to detail. The circumstances disclosed, together with the inculpatory statements made by defendant, were clearly sufficient to warrant the jury in returning a verdict of guilty.

It is urged that the sentence is excessive. The penalty imposed is a fine of $500 and 30 days in jail. The defendant appears to have been making intoxicating liquors on a large scale. There are no mitigating circumstances disclosed, and the penalty imposed is fully justified.

No error is found. The judgment is

AFFIRMED.

Note—See Criminal Law, 16 C. J. secs. 1110, 1466, 1482, 1513, 2160; Intoxicating Liquors, 33 C. J. secs. 505, 553.