GENE RAYMON HASWELL, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.
92 N. W. 2d 161

Filed October 3, 1958. No. 34369.

(169)

*Francis M. Casey,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *John E. Wenstrand,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The plaintiff in error, hereafter called accused, was charged with and convicted of the offense of rape of Barbara Williams, referred to herein as prosecutrix. A motion for a new trial was denied and the accused was adjudged to be confined in the State Reformatory. He presents the record of his conviction for review by error proceedings.

The accused claims that the action of the trial court in admitting the testimony of the sheriff of Cass County as to what he saw and learned when he forcibly, without the authority or protection of legal process, entered the bedroom of a farmhouse then occupied by the accused and the prosecutrix the day of the alleged commission of the offense charged against the accused. He claims that the action of the sheriff in this respect constitutes an unlawful search and seizure. Art. I, § 7, Constitution of Nebraska. The accused argues that any information then obtained by the sheriff was illegally secured and that testimony concerning it was inadmissible. The gist of the testimony of the sheriff was that he entered the house without process of any kind, forced open the door to the bedroom, and entered it. He then saw the accused and the prosecutrix with their clothes wholly removed. The accused was near a bed and the prosecutrix was attempting to leave the room. The sheriff placed the accused under arrest and removed him and

the prosecutrix to his office in Plattsmouth some distance away.

The record does not show that the accused had ownership, right of possession, or lawful occupancy of the premises where this happening occurred. Kelley v. United States, 61 F. 2d 843, 86 A. L. R. 338. However, assuming that the sheriff forcibly entered the bedroom without the authority of legal process, his testimony as to the information he thereby acquired was not inadmissible and the action of the court concerning it was not error. It is a doctrine of this state that information pertinent to an issue is admissible in evidence notwithstanding it was obtained in an irregular or illegal manner. The fact that the constitutional guarantee concerning search and seizure has been violated does not render the information received thereby inadmissible against the person from or concerning whom the information was procured. Billings v. State, 109 Neb. 596, 191 N. W. 721; Bush v. State, 112 Neb. 384, 199 N. W. 792; Walker v. State, 113 Neb. 19, 201 N. W. 640; Kuxhaus v. State, 117 Neb. 514, 221 N. W. 439. The larger number of jurisdictions approve the view of this state in reference to this class of evidence. Annotation, 50 A. L. R. 2d 533.

Insufficiency of evidence to establish the crime charged is an assignment made and argued by accused. The evidence is that accused was 26 years of age and the prosecutrix was 15 years of age. The sheriff found and saw them in the bedroom in the farm home where the accused was taken into custody in a very compromising condition and situation. The accused voluntarily made a written confession of the crime charged. He testified, while a witness on the trial, to facts constituting the crime with which he was charged. The prosecutrix, while a witness on the trial, likewise testified to facts constituting the offense alleged against the accused. There is no conflict in the proof of the unlawful relationship and indulgence of the prosecutrix and the ac-

cused as charged in the information and that the prosecutrix was 15 years of age. There was a conflict of evidence on the issue of whether or not she was previously unchaste. Larson v. State, 125 Neb. 789, 252 N. W. 195. This issue was resolved on conflicting proof by the jury favorably to the State. The contention that the evidence did not sufficiently support the verdict is wholly without foundation.

The instruction defining reasonable doubt is assailed by accused as prejudicially erroneous. The instruction contains this language: "A reasonable doubt, within the meaning of the law, is such a doubt as would cause a prudent and considerate person, in the graver and more important affairs of life, to pause and hesitate before acting upon the truth of the matters charged. It does not mean the possibility that the accused may be innocent, nor does it mean an imaginary doubt or one based upon groundless conjecture, but it does mean an actual and substantial doubt, having some reason for its basis." The specific objection is because of the words therein "It does not mean the possibility that the accused may be innocent." In Whitney v. State, 53 Neb. 287, 73 N. W. 696, the court considered instructions which used the language "You are instructed that a reasonable doubt is an actual, substantial doubt arising from the evidence or want of evidence in the case. * * * That by reasonable doubt is not meant that the accused may possibly be innocent of the crime charged against him, but it means some actual doubt having some reason for its basis." This court said concerning these instructions: "The foregoing states the law correctly. Instructions, either in the identical language, or in substance the same, have been approved by this court in the following cases: Polin v. State, 14 Neb. 540; Langford v. State, 32 Neb. 782; Lawhead v. State, 46 Neb. 607." See, also, Carter v. State, 98 Neb. 742, 154 N. W. 252; Johnson v. State, 111 Neb. 545, 196 N. W. 898; Daugherty v. State, 154 Neb. 376, 48 N. W. 2d 76.

A complaint of this instruction by accused is that there is nothing in the instruction given which precedes the phrase quoted above which advised the jury "that the State must produce sufficient proof." The instruction which preceded the one defining reasonable doubt contained this information: "The plea of not guilty by the defendant casts upon the State the burden of establishing by the evidence, beyond a reasonable doubt, every material allegation charged in the information. The defendant is presumed innocent until he has been proved guilty by the evidence, beyond a reasonable doubt * * *." The instructions must be considered as a whole and when this is done there is no basis for the complaint of the accused noted above.

The charge of the trial court to the jury was in part as follows: "In criminal prosecutions the burden of proof never shifts, but, as to all defenses which the evidence tends to establish, rests upon the State throughout; hence a conviction can be had only when the jury are satisfied, from a consideration of all the evidence, of the defendant's guilt, beyond a reasonable doubt." The challenge of the accused is to the words therein "* * * the burden of proof never shifts, but, as to all defenses, rests upon the State throughout." He says that even though he had established by evidence a complete defense, his evidence could not be considered because it was not produced by the State and that the instruction deprived the accused of his right to prove his innocence as a matter of his own defense. His interpretation of the language of the instruction is not a valid or a reasonable one. In Gravely v. State, 38 Neb. 871, 57 N. W. 751, this language appears: "In criminal prosecutions the burden of proof never shifts, but, as to all defenses which the evidence tends to establish, rests upon the state throughout; hence a conviction can be had only when the jury are satisfied, from a consideration of all the evidence, of the defendant's guilt beyond a reasonable doubt."

Yeoman v. State, 81 Neb. 244, 115 N. W. 784, states as follows: "One of the instructions given by the court upon its own motion was as follows: 'The court instructs the jury that in criminal prosecutions the burden of proof never shifts, but, as to all defenses which the evidence tends to establish, rests upon the state throughout; hence, a conviction can be had only when the jury are satisfied from a consideration of all the evidence of the defendant's guilt beyond a reasonable doubt. That rule applies not alone to the case as made by the state, but to any distinct, substantive defense which may be interposed by the accused to justify or excuse the act charged.' It is contended that this instruction shifted the burden of proof from the state to the defendant as to any distinct, substantive defense which might be interposed by the accused to justify or excuse the act charged. A casual reading of the instruction might leave the impression that it was to be so construed; but a more critical study shows that it is not susceptible of that construction." The case last cited was modified in one respect by an opinion on rehearing, 81 Neb. 252, 117 N. W. 997, but the quotations therefrom set out above were not disturbed. See, also, Torske v. State, 123 Neb. 161, 242 N. W. 408.

An assignment of accused is that the sentence imposed by the trial court is excessive. It is sufficient to say concerning this that if punishment for an offense is left to the discretion of the court to be exercised within prescribed limits as it is in reference to the crime of which the accused was convicted (§ 28-408, R. R. S. 1943), a sentence within the limits of the statute will not be disturbed unless an abuse of discretion is made to appear. Pribyl v. State, 165 Neb. 691, 87 N. W. 2d 201. Abuse of discretion in this respect does not appear from a consideration of the record.

A motion by the accused requests that this court by order make an original affidavit attached to the motion a part of the record in the case. The motion was filed

September 13, 1958, and was submitted to the court at the time of the argument and submission of the case on its merits. The motion must be denied. Evidence not contained in a bill of exceptions will not be considered in this court although it is physically attached thereto or otherwise exhibited.

Lee v. State, 124 Neb. 165, 245 N. W. 445, declares: "This court is given no jurisdiction to correct any errors save those only 'appearing in the record.' So far as the action of this court of review in a criminal case can be called a trial, it is a trial of the correctness of the lower court's decision, and the evidence of those acts of that court, whose correctness is on trial, can be furnished only by the record, as by its records alone can that court speak. Barlass v. Braash, 27 Neb. 212, 219. The cause here must be considered on the record as it is, not what it possibly might be."

Clark v. State, 150 Neb. 494, 34 N. W. 2d 877, states: "Original evidence cannot be received in the appellate court to support or defeat the judgment of the trial court."

An indeterminate sentence was given the accused by the trial court. This was unauthorized. Such a sentence may not be imposed on one convicted of a crime of violence against the person of another. Rape is a crime of that class. § 29-2620, R. R. S. 1943; Larson v. State, *supra*. A person sentenced for the crime of rape may be adjudged to serve the sentence in the State Reformatory if the conditions prescribed by the statutes exist. § 83-455, R. S. Supp., 1957; § 29-2620, R. R. S. 1943.

The pending motion should be and is denied. The verdict and judgment of conviction of the accused of the crime of rape should be and it is affirmed. The indeterminate sentence given him should be and it is reversed and set aside and the cause is remanded to the district court for Cass County with directions to impose on the accused a proper sentence as provided by law.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.