JOHN CASEY AND JAMES CASEY v. STATE OF NEBRASKA.

FILED OCTOBER 21, 1896.  No. 8421.

1. **Criminal Law:** ACCESSORIES.  Section 1 of the Criminal Code is declaratory merely of the common law rule by which an accessory before the fact is defined as one who aids, abets, or procures the commission of a felony by another in his absence, and does not refer to one who, being present at the commission of a crime, aids or assists therein.

2. ———: ———.  In those jurisdictions where, as in this state, the rule of the common law has not been relaxed, one charged as a principal only cannot be convicted as an accessory, and one charged

as an accessory before the fact cannot be convicted as a principal offender.

3. ———: ALIBI: PROOF: INSTRUCTIONS. An alibi is a legitimate defense to a criminal charge and should not be disparaged by the trial court, the weight or sufficiency of the evidence for that purpose being a question for the consideration of the jury.

4. ———: ———: ———. It is error to instruct that the accused in a criminal prosecution is required to *prove* an alibi. It is sufficient to entitle him to an acquittal if the jury, from a consideration of all of the evidence, entertain a reasonable doubt of his presence at the commission of the crime charged, whether such doubt arise from a failure of proof on the part of the state, or from evidence submitted by the accused in his own behalf.

ERROR to the district court for Richardson county. Tried below before STULL, J.

The opinion contains a statement of the case.

*E. W. Thomas, F. Martin,* and *C. Gillespie,* for plaintiffs in error:

One cannot be convicted as a principal in the commission of a crime under a charge of being an accessory before the fact. (*Hill v. State,* 42 Neb., 505; *Walrath v. State,* 8 Neb., 80; *Wagner v. State,* 43 Neb., 2.)

The judgment should be reversed for error in the instruction relating to the alibi. (Wharton, Criminal Evidence [9th ed.], sec. 333; *Wright v. People,* 4 Neb., 410; *Ballard v. State,* 19 Neb., 619; *Wasson v. Palmer,* 13 Neb., 376; *McPherson v. Wiswell,* 19 Neb., 117; *French v. State,* 12 Ind., 670.)

*A. S. Churchill, Attorney General, George A. Day, Deputy Attorney General,* and *C. F. Reavis,* for the state.

References: *Noland v. State,* 19 O., 131; *Hartshorn v. State,* 29 O. St., 635; *State v. Rowland,* 72 Ia., 327; *People v. Lee Gam,* 69 Cal., 552; *People v. Levine,* 85 Cal., 39; *Martin v. State,* 30 Neb., 507; *Debney v. State,* 45 Neb., 856; *Wright v. State,* 45 Neb., 44; *Tracy v. State,* 46 Neb., 362; *Folden v. State,* 13 Neb., 328; *Dodge v. People,* 4 Neb., 221.

POST, C. J.

At the March, 1896, term of the district court for Richardson county, John Casey and James Casey were convicted upon an information in which the former was charged as principal with the crime of robbery and the latter as an accessory thereto before the fact, and from which judgment they prosecute error to this court. The information mentioned, omitting caption and formal parts, is as follows: "That John Casey, late of the county aforesaid, on the 14th day of January, 1896, in the county of Richardson and state of Nebraska, in and upon one Leonard Jacobus, then and there being, unlawfully, forcibly, and with violence, did make an assault, and him, the said Leonard Jacobus, in bodily fear then and there feloniously did put, and from the person and against the will of him, the said Leonard Jacobus, then and there feloniously, forcibly, and with violence did steal, take, and carry away one United States note, commonly called a 'greenback,' of the denomination of five dollars, and one gent's gold-filled watch of the value of fifteen dollars, the property of the said Leonard Jacobus, with intent then and there to steal, take, and carry away the said property; and that one James Casey, before said robbery was committed, to-wit, on the 14th day of January, 1896, in Richardson county and state of Nebraska, unlawfully, purposely, and feloniously did incite, procure, aid, and abet the said John Casey in committing the robbery aforesaid." Separate motions for a new trial were interposed in the court below, followed by separate petitions in error to this court.

It is first urged in behalf of James Casey that there is an entire failure of proof to sustain the charge upon which he was convicted. Indeed, the proposition is not disputed, and cannot be upon the record before us, that the only evidence connecting him, the said James Casey, with the alleged robbery tends to prove that he was present and participated therein as a principal. The

question is therefore presented whether one charged as an accessory before the fact only can, under our statute, be convicted upon proof of guilt as a principal. It is, of course, understood that our discussion of the subject applies to felonies only, since, under the statute, as at common law, accessories to misdemeanors are unknown, those aiding or abetting in misdemeanors being punishable as principals. (*Wagner v. State*, 43 Neb., 1.) The act of aiding, abetting, or procuring the commission of a felony is, both in this state and in Ohio, from whence our Criminal Code was borrowed, an independent, substantive crime, in nowise dependent for its punishment upon the conviction of the principal. (*Noland v. State*, 19 O., 131.) In *Hill v. State*, 42 Neb., 503, and in *Dixon v. State*, 46 Neb., 298, it was held that sections 1 and 2 of the Criminal Code, defining accessories before and after the fact, are declaratory merely of the common law. In those states where, by statute, the distinction between principals and accessories has been abolished, the accused may be charged either as a principal or an accessory before the fact, or both, at the option of the pleader; but in other jurisdictions, where, as in this state, the rule of the common law has not been relaxed, one not present or actually participating in the commission of the crime alleged, but whose offense consists in the aiding, inciting, or procuring of its commission by the principal offender, should be charged as an accessory before the fact, and since, as has been said, "The law never condemns without accusation, * * * one indicted as a principal in a felony cannot be convicted of being an accessory before the fact, or, indicted as such accessory, cannot be found guilty as a principal felon." (1 Bishop, Criminal Law, sec. 803.) And in *Wagner v. State, supra*, IRVINE, C., citing Wharton's Criminal Law, 208, asserts, as a familiar rule, that no conviction as an accessory will lie under an indictment charging one as principal, and *vice versa*. It follows, therefore, that the verdict and judgment is, as to James Casey, unsupported by the evidence, and that

his separate motion for a new trial should have been sustained.

Of the several assignments contained in the petition in error of John Casey, we shall notice but one, viz., the giving of instruction No. 8 by the court on its own motion, as follows: "The evidence produced to establish an alibi should be cautiously received, though when proved it is as strong as any other defense. You must be the sole judges of the weight to be given to the testimony, and in determining the weight to be given it you should take into consideration the interest any witness may have in the issues of this case, the manner in which they have testified, and all the circumstances surrounding their testimony, and if you believe beyond a reasonable doubt, from all the evidence, that these defendants are guilty as charged in the information, then you will so state in your verdict." There was, it should be observed, an attempt on the part of the accused to show that they spent the night in question at their respective homes, and testimony was introduced by them tending to prove that they could not have been present at the time and place of the robbery, which was committed in the waiting room of the Missouri Pacific Railway Company's passenger depot at Falls City, at or about the hour of 2 o'clock A. M. The question or sufficiency of such testimony for the purpose of establishing an alibi is not now before us. The accused were, however, entitled to have it submitted with the other evidence adduced, without disparagement by the court. There are, it must be confessed, precedents for the instructions complained of, but the sound rule is believed to be that the accused in a criminal prosecution is entitled to an acquittal whenever the jury, from a consideration of all of the evidence adduced, entertain a reasonable doubt of his presence at the time and place where the crime is shown to have been committed. (*McLain v. State*, 18 Neb., 154; *French v. State*, 12 Ind., 670; *Albin v. State*, 63 Ind., 598; *Dawson v. State*, 62 Miss., 241; *Johnson v. State*, 17 S. W. Rep. [Tex.], 252; *State v. Howell*,

100 Mo., 628, overruling *State v. Jennings, contra*, 81 Mo., 185; *State v. Taylor*, 118 Mo., 153; 1 Bishop, Criminal Procedure, sec. 1066; Thompson, Trials, secs. 2433 *et seq.*) In *State v. Taylor, supra*, the trial court, on its own motion, gave the following instruction: "If the jury shall find and believe, from the evidence, that at the time the offense charged in the indictment was committed * * * the defendant was at a place other than the place where such offense or crime was committed, the jury will find the defendant not guilty," and refused to charge that the accused was entitled to an acquittal provided the evidence created a reasonable doubt in the minds of the jury of his presence at the time and place in question. But the court, reversing the judgment of conviction, in an exhaustive and valuable opinion by Gantt, P. J., say: "The weight of the evidence tending to prove an alibi is to be determined by the jury, and although it falls short of absolute conviction of its truth, still, if it raises in their minds a reasonable doubt of the presence of the defendant at the commission of the crime, he is entitled to an acquittal; and it is not material whether this doubt arises from a defect of the evidence of the state or the evidence of the defendant in rebuttal. * * * The burden placed upon the defendant to show his presence elsewhere took away the free action of the minds of the jury in forming a reasonable doubt upon the whole evidence, for the simple reason that the evidence which tended to establish his alibi was to be excluded from their consideration on that subject, and to only become available if it established the defense affirmatively." And in *Gravely v. State*, 38 Neb., 871, it was held that the burden in a criminal prosecution never shifts, but, as to all defenses which the evidence tends to establish, rests upon the state throughout, and that the rule thus stated applies not alone to the case made by the state in the first instance, but also to any distinct substantive defense interposed by the accused. The vice of the instruction here assailed is, when tested by the authorities cited, first,

that it discredits a legitimate defense, by advising the jury that the evidence in behalf of the accused should be received with caution; second, in imposing upon them (the accused) the burden of proving the alibi relied upon, instead of directing an acquittal in case the jury were not satisfied, from a consideration of all the evidence, beyond a reasonable doubt of their presence at the commission of the robbery charged. It follows that the judgment of conviction must be reversed and the cause remanded for trial *de novo*

REVERSED.