QUILLER BECK v. STATE OF NEBRASKA.

FILED MARCH 17, 1897.  No. 9022.

1. **Criminal Law: ALIBI.**  In a criminal case it is error to instruct that
the burden of proof is upon the accused to establish an alibi by a
preponderance of the evidence.  (*Casey v. State*, 49 Neb., 403.)

2. **Conflicting Instructions.**  Where the law is incorrectly stated in
one instruction, the error is not cured by another which correctly
states the law upon the same subject.

ERROR to the district court for Otoe county.  Tried be-
low before RAMSEY, J.  *Reversed.*

*Bane & Altschuler* and *L. F. Jackson*, for plaintiff in
error.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy
Attorney General,* for the state.

IRVINE, C.

The plaintiff in error was convicted of grand larceny and sentenced to imprisonment for four years. He brings the judgment here for review.

Among the errors assigned is the giving of the fifth instruction, which is as follows: "You are instructed that one of the defenses interposed by the defendant in this case is what is known in law as an alibi; that is, that the defendant was at another place at the time of the commission of the crime charged in the information, and you are instructed in this connection that such a defense is as proper and legitimate, if proved, as any other, and all the evidence bearing on that point should be carefully considered by the jury; and in this connection you are further instructed as a matter of law that where the state makes out such a case as would sustain a verdict of guilty, and the defendant offers evidence of an alibi, the burden is upon the defendant to prove this defense by a preponderance of the evidence; and when the proof is in, the question for you to determine from all the evidence, both that given for the state and for the defendant, is, is the defendant guilty beyond a reasonable doubt, as charged in the information? And if from all the evidence on the part of the state, and upon the part of the defendant, touching the question of an alibi, then if you have any reasonable doubt of the guilt of the defendant in this case as he stands charged in the information, your verdict should be not guilty." It will be observed that this instruction, among other things, told the jury that with regard to an alibi "the burden is upon the defendant to prove this defense by a preponderance of the evidence." This was error. (*Casey v. State*, 49 Neb., 403; *Gravely v. State*, 38 Neb., 871.)

It is suggested that the instruction as a whole states the law correctly. It is true that in another part of the instruction it is said that if from all the evidence, including that relating to the alibi, there is any reasonable

doubt of the guilt of the defendant, he should be acquitted; but the most that can be said is that the instruction in its different parts is conflicting. An inaccurate or incomplete instruction may be cured if by reference to the rest of the charge the defect is supplied or the law accurately stated; but an absolute misstatement of the law is not cured by a correct statement elsewhere in the charge. (*Wasson v. Palmer*, 13 Neb., 376; *Ballard v. State*, 19 Neb., 609; *Barr v. State*, 45 Neb., 458.)

REVERSED AND REMANDED.