The opinion of the court on rehearing was delivered by
Blanchard, J.
The Judgment appealed from having been affirmed, a review of the ease, on the application for rehearing, induced the court to grant the rehearing; and now, on a further consideration, we have become satisfied of the incorrectness of some of the views expressed in our former opinion relating to the law governing the defence of alibi.
We now hold that it was error for the judge a quo to charge that:
“ It is obviously essential to the satisfactory proof of an alibi that it should cover the whole of the transaction in question, so as to render it impossible that the prisoner could have committed the act; it is not enough that it renders his guilt improbable merely.”
It was also error to charge that—
“If, therefore, the proof of an alibi does not outweigh the proof that he (the defendant) was at the place where the crime was committed, it is not sufficient.”
And it was additional error to charge that—
“ When the defence is that of an alibi the law casts the burden upon the defendant to reasonably satisfy the jury that he was elsewhere. at the time of the commission of the offence. The rule of law, as applicable to the defence of an alibi, does not require of the defendant to reasonably satisfy the jury of his exact whereabouts *1147 every moment of the time necessary to cover the period when the offence was committed, but he is required to prove such a state of facts or circumstances as to reasonably satisfy the jury that he was elsewhere than at the place where, and the moment when, the offence was committed.”
Where alibi is a defence, the proper charge is, that the evidence in support of it should be considered in connection with all the other evidence in the case, and if, on the whole evidence, there is reasonable doubt of defendant’s guilt, he should be acquitted.
It is error to instruct that the burden of proof is upon the accused to establish an alibi by a preponderance of the evidence. Beck vs. State, 70 N. W. Rep. 498; Casey vs. State, 68 N. W. Rep. 643; Gravely vs. State, 57 N. W. Rep. 751.
In State vs. Reed, 62 Iowa, 40, it was held that alibi is not a defence within any accurate meaning of that word, but a mere fact shown in rebuttal of the State’s evidence.
The setting up of an alibi does not change the presumptions and burden of proof, and if because of it, or anything else, the jury are not satisfied beyond a reasonable doubt of the guilt of the accused, they must acquit. Bishop’s New Criminal Procedure, Sec. 1066.
Whatever the accused brings forward in denial of the allegations, or of the proofs which the prosecution has adduced, the burden still remains on the State, and it never shifts to him. Ib., See. 1049.
The charge to the jury in its different parts should not be conflicting, and while a merely inaccurate or incomplete instruction may be cured by subsequently applying the defect or accurately stating the law, an absolute misstatement of the law is not cured by a correct statement elsewhere in the charge. Beck vs. State, 70 N. W. Rep. 498; Barr vs. State, 63 N. W. Rep. 856.
The errors of the court a qua, pointed out above, being of the character last mentioned, could not be cured by what the judge subsequently charged as set forth in our original opinion.
It is, therefore, ordered that the judgment of this court hereinbe-fore rendered be set aside, and it is now ordered and decreed that the verdict and sentence appealed from be annulled, avoided and reversed, and that the case be remanded to be proceeded with according to law.
Miller, J. I concur in the decree.
Nicholls, O. J., absent; ill.