139 So. 759

## STATE v. MOLAY.

### No. 31565.

Feb. 1, 1932.

Leo W. McCune, of Gretna, and George Wray Gill and Warren M. Simon, both of New Orleans, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and John E. Fleury, Dist. Atty., and E. M. Conzelmann, Asst. Dist. Atty., both of Gretna, for the State.

O'NIELL, C. J.

Louis Molay was tried with four others accused of robbery and was convicted and sentenced to imprisonment in the penitentiary. The four others were acquitted. Molay has appealed and relies upon three bills of exception. Our conclusion that one of the bills is well founded makes it unnecessary to consider the others.

The bill of exception which we refer to was taken to a statement made by the judge at the conclusion of his charge to the jury on the subject of an alibi, viz.: "But I warn you that you are to look upon the defense of an alibi with caution."

The only evidence offered by Molay was the testimony of several witnesses who swore that he was with them at another place than the scene of the crime at the time it was committed. It is well settled by the decisions of this court that proof of an alibi is not a defense, strictly speaking, but is merely a fact shown in contradiction of the state's evidence. It is wrong, therefore, for the judge to instruct the jury that the burden of proof is on the defendant, when he undertakes to prove an alibi, to prove it by a preponderance of the evidence. State v. Fulford, 33 La. Ann. 682; State v. Beaird, 34 La. Ann. 106; State v. Ardoin, 49 La. Ann. 1145, 22 So. 620, 62 Am. St. Rep. 678; State v. Rini, 151 La. 163, 91 So. 664; Marr's Crim. Jurisprudence, Vol. 2, p. 824, Sec. 537. In State v. Rini it was said that a statement in the charge, on the subject of an alibi, that such a defense, if established to the satisfaction of the jury, was a legitimate and sufficient defense was erroneous, because of the implication that the burden of proof relating to such a defense was on the defendant. There is the same implication when the judge says to the jury, after charging on the subject of an alibi, "but I warn you that you are to look upon the defense of an alibi with caution." In this instance the warning was especially prejudicial to the defendant, because he had offered no other evidence except the testimony of the witnesses who swore that he was with them

at a place other than the place where the crime was committed at the time when it was committed.

The district attorney cites, in support of the propriety of the judge's warning the jury as he did in this case, an expression in Underhill's Criminal Evidence (3d. Ed.) p. 358, § 250, to the effect that the judge should instruct the jury to consider the evidence in support of an alibi with great caution and care. The author cites four decisions rendered in other states, viz.: Albritton v. State, 94 Ala. 76, 10 So. 426; State v. Rowland. 72 Iowa, 327, 33 N. W. 137; Commonwealth v. Webster, 5 Cush. (Mass.) 295, 52 Am. Dec. 711; People v. Tice, 115 Mich. 219, 73 N. W. 108, 69 Am. St. Rep. 560. The rule stated in Albritton v. State, as far as it goes, is in accord with the rule which we maintain. In State v. Rowland, the Supreme Court of Iowa merely declared that the doctrine which had been recognized by that court was that an alibi, in order to authorize an acquittal, had to be established by a preponderance of the evidence. That is not the rule in Louisiana. The same may be said of the rule that was applied in the Michigan case, People v. Tice, and the Massachusetts case, Commonwealth v. Webster. The rule prevailing in those states is not in accord with the rule which is well established in Louisiana that, in the trial of a criminal case, the judge should not, directly or by implication, instruct the jury to regard with suspicion the evidence introduced by the defendant, or to regard the evidence introduced by the defendant with greater caution than that with which the jury is obliged to regard the evidence introduced by the state.

The verdict and sentence are annulled and the case is ordered remanded to the district court for a new trial.