**177 So. 663**

**STATE v. BERRYHILL.**

No. 34537.

Nov. 2, 1937.

Rehearing Denied Nov. 29, 1937.

Emile A. Carmouche, of Lake Charles, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, First Asst. Atty. Gen., and James U. Galloway, Dist. Atty., and John R. Pleasant, Asst. Dist. Atty., both of Shreveport, for the State.

O'NIELL, Chief Justice.

The defendant was convicted of the crime of uttering as true a forged instrument, with intent to defraud, and was sentenced to imprisonment in the penitentiary for a term not less than 2½ years or more than 7½ years. He is appealing from the verdict and sentence.

Several bills of exception were reserved by the defendant, but they are all abandoned except four which relate to a plea of prescription and one which relates to a remark made by the prosecuting attorney to the jury. The latter bill is disposed of by the fact that, at the request of the attorney for the defendant, the judge immediately instructed the jury that the remark of the prosecuting attorney should not have been made, and that the jury should not pay any attention to it. We have no reason to doubt that the jury understood and obeyed the instruction.

The complaints in the four other bills of exception are so closely related that we shall deal with them all together. One of them was reserved to the judge's overruling of the defendant's plea of prescription. More than a year had elapsed after the date of the crime charged, as alleged in the bill of information, and before the date of the filing of the bill. To avoid the plea of prescription, the prosecuting attorney alleged in the bill of information that the defendant fled from justice, soon after the commission of the crime, and was not apprehended until a date within a year previous to the date of the bill of information. The plea of prescription was based upon the contention of the attorney for the defendant that the allegation that the defendant "fled from justice" was not the same as an allegation that the defendant "absconded" or was "a fugitive from justice," as required by article 8 of the Code of Criminal Procedure, to negative prescription on the face of a bill of indictment or information. The defendant, in his plea of prescription, also formally denied that he fled from justice, or absconded, or was a fugitive from justice. The judge, in overruling the plea of prescription, referred the question of fact to the jury, as to whether the defendant had fled from justice. In the judge's charge to the jury, after the evidence and the arguments were heard, the judge explained to the jury that the prosecution

was barred by prescription and therefore that the defendant could not be convicted unless the State had proved, not necessarily beyond a reasonable doubt but by a preponderance of evidence, that the defendant had absconded, or was a fugitive. from justice. And, in that connection, the judge explained to the jury that the allegation in the bill of information, that the defendant "fled from justice" was the same as an allegation that he was a "fugitive from justice." There was no error in the judge's charge or in the bill of information in that respect. The allegation that the defendant "fled from justice" was equivalent to an allegation that he "absconded," or that he "was a fugitive from justice." These terms were used indifferently, as interchangeable terms, in the statutes of limitation preceding article 8 of the Code of Criminal Procedure, barring criminal prosecutions by prescription or limitation, viz., Rev.Stat. § 986, as amended by Act No. 50 of 1894, and as amended by Act No. 73 of 1898, and again as amended by Act No. 67 of 1926. The later act, in other respects, was adopted, almost literally, as article 8 of the Code of Criminal Procedure.

Another of the four bills of exception referring to the plea of prescription was reserved to that part of the judge's charge to the jury, in which he virtually said that the defendant's plea of prescription would be unavailing, not only if he was a "fugitive from justice" from this State, but even if he was a "fugitive from justice" from some other State. We quote in full the judge's charge on this subject, viz.:

"In this State, criminal prosecutions must be begun within a certain time after the commission of the crime. For the crime of uttering a forged instrument, as charged in the bill, the prosecution must begin by the filing of a bill of indictment or a bill of information within one year after the commission of the crime. But the law also provides that such a rule does not apply in case the perpetrator of the crime became an 'absconder', or a 'fugitive from justice'. The prosecuting officer must set forth in the bill of information that the accused 'absconded', or was a 'fugitive from justice'; either in those very words or in words that mean the same thing.

"In the present case the State has alleged in the bill that the accused 'fled from justice', which is the same thing as saying that he was a 'fugitive from justice'. A person who commits a crime and withdraws himself from such jurisdiction without waiting to abide the consequence of such act, ordinarily, must be regarded as a 'fugitive from justice', of the state whose laws he has infringed. It is not even necessary that criminal charges had been preferred against him at the time he left. However, mere absence from the state is not sufficient. Such absence must be for the purpose of avoiding prosecution, and not for some legitimate purpose. In other words, to put the matter in common parlance, the accused must be 'hiding' from the criminal authorities of this State or some other State. It is not even necessary that one go to some other State, or remain altogether in some other State or States. But, wherever the party may be, he must be 'hiding out', as set forth above. All

of the above applies irrespective of whether he may have been under bond in this State or some other State. The prosecuting authorities must make reasonable efforts to find the perpetrator of the crime and bring him to trial, and be unsuccessful in such efforts.

"The State carries the burden of proving that the accused 'fled from justice', as defined to you. The State does not have to prove this beyond a reasonable doubt, but merely by a preponderence of the evidence. In other words, the weight of the evidence must be with the State. If the State has failed to meet this burden, you cannot convict the accused, even if you reach the conclusion that he was guilty of the crime charged. But, if you reach the conclusion that the State has met this burden of showing that the accused was a 'fugitive from justice', as charged, then the prosecution of this accused is not prescribed, or out of date, and you will then have to decide whether he is guilty of the crime of uttering, as charged."

Immediately after the judge had read his charge to the jury, and the attorney for the defendant had objected and excepted to the judge's statement that the defendant would be deemed a "fugitive from justice" if hiding from the criminal authorities of this State *or some other State,* the attorney asked the judge to give the jury the following special charge, viz.:

"Should the jury find that the accused did not flee from the State of Louisiana, to avoid prosecution or trial on these charges, that the jury must hold that the

crime has been prescribed and that the prisoner should be acquitted."

The judge refused to give the requested charge to the jury, and the attorney for the defendant reserved a bill of exception. The jury had not retired from the courtroom when the attorney for the defendant handed the judge this special charge, in writing, and requested the judge to so instruct the jury. The only reason given by the judge, as stated in the per curiam which he wrote in this bill, for refusing to give the jury the special charge requested by the attorney for the defendant, was that the request for the special charge came too late, in that the judge did not have an opportunity then to consider the request without holding up the deliberations of the jury. The judge says further in the per curiam that it was a matter within his discretion, whether to grant or to refuse the request to give the special charge, because, under article 390 of the Code of Criminal Procedure, neither the attorney for the defense nor the prosecuting attorney has an absolute right to have a special charge given, if not requested before the case is closed by the giving of the general charge.

The only other bill of exception on this subject is the one that was reserved to the overruling of the defendant's motion for a new trial, the allegations of which motion were only repetitions of the complaints made in the previous bills of exception.

As a general rule, the defendant in a criminal prosecution has not an absolute right to have the judge give a special charge to the jury, even though the re-

quested charge may be appropriate to some issue in the case, unless the request for the special charge is made "before the argument has begun." Article 390 of the Code of Criminal Procedure provides:

"The prosecution and the defense have each the right to present to the court, before the argument has begun, any written charge or charges, and request that the same be given. Except as otherwise provided herein, the judge must give every such requested charge that is wholly correct and wholly pertinent, unless the matter contained in such charge have been already given, · or unless such charge require qualification, limitation or explanation."

In the case of State v. Nahoum, 172 La. 83, 133 So. 370, 378, where the attorneys for the defendant objected and excepted to the judge's giving a special charge which was requested by the prosecuting attorney after the judge had read his general charge to the jury, and the objection was overruled and the special charge given, this court, in sustaining the ruling, said:

"There is nothing in this procedural regulation [article 390 of the Code of Criminal Procedure] which forbids either the prosecution or the defense to request one or more special charges at the conclusion of the delivery of the general charge. The regulation is directory and not mandatory. Obviously, its purpose is to encourage the orderly conduct of criminal trials."

In this case, the judge ought to have given the special charge requested by the

attorney for the defendant, because it would have served to correct the statement made in the general charge, to the effect that an accused person would be a "fugitive from justice," within the meaning of article 8 of the Code of Criminal Procedure, if hiding from the officers of some other State, as well as if hiding from the officers of this State.

In State v. Vines, 34 La.Ann. 1073, 1077, it was said that this clause in section 986 of the Revised Statutes, "nothing herein contained shall extend to any person absconding or fleeing from justice," had a definite meaning. In answer to the objection of the defendant's counsel, that the averment in the indictment, "that the said Lee Vines had, absconded and fled from justice," was too vague, in not connecting the alleged absconding or fleeing with the offense charged, the court expressed the opinion that the objection had come too late, but the court said:

"But even a timely objection would not be tenable, for the averment is a textual compliance with the words of the statute, *which must be construed as meaning, that the absconding or fleeing has reference to the charge under which the party is prosecuted, tried or punished.* Hence, in this case, we hold that the averment in the indictment has reference to a flight from justice by the accused, in view, and on account of the offense committed on June 6, 1873 [which was the offense charged in the indictment]." (We have italicized the important expression.)

It is not necessary, in this case, to go so far as to say that the absconding or

fleeing from justice, which, under article 8 of the Code of Criminal Procedure, deprives an accused party of the benefit of the statute of limitation, means only absconding or fleeing from arrest or prosecution for the crime charged in the indictment or bill of information. It is sufficient to say that it means absconding or fleeing from the arresting or prosecuting officers of this State, and not absconding or fleeing from the arresting or prosecuting officers of some other State. There is no reason why the statute of this state should have reference to an accused person's absconding or fleeing from the law officers of another State.

Our purpose in quoting all that was said on this subject in the judge's charge to the jury is to show that, notwithstanding it is a very thorough and very accurate discussion of the subject in all other phases, it does not contain any contradiction, qualification or explanation of the statement to the effect that an accused person, in this State, might be deemed a fugitive from justice, within the meaning of article 8 of the Code of Criminal Procedure, by reason of his being a fugitive from justice from another state. It may be that the judge did not intend to convey that idea to the jury; but that is the purport of the judge's statement to the jury. In the per curiam which the judge wrote in the bill of exceptions which was reserved to this part of his charge, he says nothing more than that he thought he "covered this situation" in his general charge.

The error complained of was especially prejudicial to the defendant in this case because of certain facts which the prosecuting attorney sought to prove, as shown by his opening statement to the jury. The alleged forged instrument, which the defendant was accused of uttering as true, was a deed for a tract of land, or for the mineral rights in the land, in Marion county, Tex. The State introduced evidence to prove that the defendant procured the alleged forgery to be committed in Texas, and used the deed fraudulently in Shreveport, La.; that, on the date of the alleged crime, or on the next day, the defendant left Shreveport, and was afterwards located in Chicago, Ill., and was arrested there, and held for a sheriff in Texas; that the defendant gave bond and was released in Chicago; that, thereafter, charges were filed against him in Shreveport, and a detainer was put upon him in Chicago; that he returned from Chicago to Texas, and was arrested there, but was released on his own recognizance by the sheriff in Texas; that he went from Texas into Arizona, Colorado, Nevada, Oklahoma, and other states, and was afterwards arrested in New Orleans. It was highly important, therefore, that the jury in this case should understand that the allegation in the bill of information, that the defendant "fled from justice," had reference only to his departure from Louisiana, after the date of the alleged crime, and not to his departure from Texas, or from any other State but Louisiana. The fact that the judge gave the jury the instruction which was objected to, and refused to amend or correct it by giving the requested instruction when he had the opportunity and discretion so to do, indicates that he consid-

ered the instruction pertinent to one of the issues in the case. Our conclusion is that there is a sufficient showing that the error in this case was prejudicial to the defendant to compel us to set aside the verdict and grant him a new trial. State v. Ardoin, 49 La.Ann. 1145, 22 So. 620, 62 Am.St.Rep. 678; State v. Timberlake, 50 La.Ann. 308, 23 So. 276.

The verdict and sentence are annulled, and the case is ordered remanded to the district court for a new trial.

HIGGINS, J., takes no part.

On Application for Rehearing.

PER CURIAM.

The petition for a rehearing in this case seems to assume that we have held that, in order for a person to be a fugitive from justice, in the meaning of the statute of limitation, he must have fled from the State for fear of arrest or prosecution for the crime charged in the indictment, and not for fear of arrest or prosecution for some other crime that he may have committed in this State. On the contrary, we said, in our original opinion, that it was not necessary to go that far, even though it was so said in the case of State v. Vines, 34 La.Ann. 1073.

What we have held in the present case, and all that we have held, is that, in order for a person to be a fugitive from justice, in the meaning of the statute, he must have fled from this State, and not from some other State. The reason for that is that a person might be a fugitive from some other State, and be within the jurisdiction in which he committed the crime in this State, and be at all times available to the arresting and prosecuting officers in such jurisdiction, in this State. That is why it is wrong to charge a jury that an accused person is a fugitive from justice, and hence is deprived of the benefit of the statute of limitation in this State, if he has fled from some other State for fear of arrest or prosecution in that State.

The two decisions cited in the brief filed in support of the application for a rehearing are not appropriate, namely, Streep v. United States, 160 U.S. 128–136, 16 S.Ct. 244, 40 L.Ed. 365, and Appleyard v. Massachusetts, 203 U.S. 222–232, 27 S.Ct. 122, 51 L.Ed. 161, 7 Ann.Cas. 1073. In Streep v. United States it was held that a person who was indicted in the federal court, and who, before being indicted in the federal court, was indicted in the State court of New York and fled from justice to avoid prosecution in the State court, and went to Europe, was a fugitive from justice, and hence subject to prosecution under the indictment in the federal court, and was not entitled to the benefit of the federal statute of limitation, U. S. Rev. Stat. § 1045 (18 U.S.C.A. § 583). If the court had held that an accused person, within the jurisdiction of a federal court in which he is indicted, in this country, would be a fugitive from justice, in the meaning of U.S.Rev.Stat. § 1045 (18 U.S.C.A. § 583), if he were a fugitive from justice from some foreign country, the decision would support the argument for the

State in this case. But we are quite sure that the Supreme Court of the United States would not maintain such a proposition. The ruling in Appleyard v. Massachusetts had reference to section 2 of article 4 of the Constitution of the United States, and section 5278 of the Revised Statutes of the United States (18 U.S.C. A. § 662), which have reference only to extradition proceedings. It was held that, in order to entitle the Governor of the demanding State, in which a crime has been committed, to have the accused party arrested and delivered over by an order of the Governor of another State, in which the accused party is found, it is only necessary that the party should be accused of committing the crime in the demanding State and should refuse to return to that State from the State in which he is found. In the meaning of the extradition law, an accused person is a fugitive from justice if, being found in another State from that in which he is indicted for the commission of a crime, he refuses to return to the State in which he must answer to the indictment. That has nothing to do with the statute of limitation.

The error that was committed in this case was the instruction to the jury that an accused person is a fugitive from justice in this State, in the meaning of the statute of limitation, if he flees from the arresting or prosecuting officers of another state, and the refusal of the judge to give the requested charge to the jury, that, if the defendant did not flee from the State of Louisiana to avoid prosecution in this State, he would not be deemed a fugitive

from justice in this State, in the meaning of the statute of limitation.

The petition for a rehearing is denied.

HIGGINS, J., absent.