23 So.2d 46

## STATE v. DOOLEY.

### No. 37667.

April 30, 1945.

Rehearing Denied June 29, 1945.

Harris M. English, of Baton Rouge, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Dewey J. Sanchez, Dist. Atty., and Braxton B. Croom, Asst. Dist. Atty., both of Baton Rouge, for appellee.

ROGERS, Justice.

Spencer Dooley has appealed from his conviction and sentence to fifteen years in the penitentiary for the crime of incest as denounced by Article 78 of the Louisiana Criminal Code. The charge is that defendant cohabited with the oldest of his three unmarried daughters.

Defendant complains of the admission in evidence, over his objection, of certain statements and admissions made in a conversation held in the parish jail between him and his daughter, who stood in a hallway separated from the cell block by two steel barred doors covered with mesh screens.

A police matron and a special investigator for the district attorney also stood in the hallway to the left of the defendant's daughter and they, as well as the daughter, testified with reference to the conversation. Defendant himself admitted that he saw and recognized his daughter at the time the alleged conversation took place.

Defendant objected to the introduction of any testimony to prove the statements or admissions made on that occasion by his daughter, on the ground that they were made while she was out of his presence and sight, there being between them two heavy steel mesh nettings placed twenty inches apart that obstructed defendant's view and hearing.

 In his per curiam the trial judge states that in his opinion the conversation did take place in the presence and hearing of the defendant, but in fairness to the defendant, and at the request of his counsel, he took the jury to the cell block which they inspected both by view and by permitting counsel for defendant to converse so that the jury itself could ascertain whether or not the conversation took place in the presence of the defendant, his daughter, the police matron and the special investigator. The trial judge further stated in his per curiam that from the testimony given by the defendant's daughter, he was satisfied that defendant saw his daughter and heard every word she said. The testimony of the conversation between defendant and his daughter was admissible, the weight to be given to the testimony being for the jury.

Defendant complains of the admission, over his objection, of testimony relative to certain statements or admissions made by him in a conversation with his daughter that took place in a room in the parish jail in which a microphone had been installed and connected to an adjoining room in which two special investigators for the district attorney and the police matron were stationed. The three officers were able to hear over the microphone the conversation which took place between defendant and his daughter and they testified as to the statements alleged to have been made by the parties and that there was no interruption of the conversation after it had begun. At the request of counsel for defendant, who questioned the efficacy of the microphone to transmit all the conversation

which took place, the trial judge permitted a test to be made of the microphone in the presence of the jury, when it was shown that even a slight whisper could be heard over the instrument.

In reference to defendant's complaint that he was inveigled into making certain prejudicial statements against his interest by the three officers conspiring with his young daughter, the prosecutrix, and taking advantage of the confidence, love, affection and trust which existed between them as a devoted father, the trial judge shows in his per curiam that defendant was not inveigled into making the statements and that it was certainly a misuse of the word "devoted" to refer to the defendant in that respect. The judge further states in his per curiam that: "The testimony clearly showed beyond a reasonable doubt by direct evidence of this daughter, who is now nineteen years of age, that her father had had illicit relations with her since she was approximately nine years of age." His two other daughters also were witnesses in the case and this relationship was shown by their testimony, and it was further shown that "he attempted to have relations with the middle aged daughter and had actually had relations with his youngest daughter, who is now approximately 15 years of age."

 As we understand, a microphone, like a telephone, is an electrical contrivance by means of which sound is heard at a greater distance than it may ordinarily be heard. The rule as to allowing the introduction of testimony of conversations of defendants in criminal prosecutions heard by

this kind of mechanical contrivance is as follows: "The admissions and declarations of accused are not incompetent because they were received over a telephone, dicto- graph or detectaphone, where the witness receiving them could testify that he knew and recognized his voice, or where his tes- timony as to the identity of the voice is sufficient to carry the question to the jury * * *." 22 C.J.S., Criminal Law, § 731, p. 1249.

■ There is no error in the judge's rul- ing. The testimony was clearly admissible, the weight to be given to it being for the jury.

■ Defendant complains of the ruling of the judge permitting the police matron to testify on rebuttal as to the reluctance of defendant's daughter to make any charge against her father during the preliminary investigation of the case by the office of the district attorney. Throughout the trial, the defendant attempted to show that the charge of incest was the result of a con- spiracy on the part of his three daughters to make up a story on him so that they might be relieved from his control. The testimony objected to was offered by the state to rebut defendant's attempt to show the existence of the alleged conspiracy. The prosecuting witness had testified on direct examination to her relations with her father in which testimony she charged him with the commission of the crime. She also testified as to her reluctance to make the charge. The police matron testified on direct examination, without objection, to the same thing that she was placed on the stand in rebuttal to show, that contrary to

their being any conspiracy, the prosecuting witness was very reluctant to make any charge against her father while the case was under investigation. The police ma- tron did not testify as to anything that the defendant had said. She simply testified that defendant's daughter had at first de- nied any improper relationship with her father and that she was reluctant to make any charge against him when the case was under investigation. The testimony was clearly admissible in rebuttal of defendant's contention of the existence of a conspiracy on the part of his daughters to send him to the penitentiary.

■ Defendant complains of the re- fusal of the judge to sentence a defense witness for contempt for his refusal to tes- tify. As shown by the judge in his per curiam, the witness, Walter "Heinie" Hen- derson, was, together with Charlie Frasier, incarcerated in the parish jail awaiting trial for murder. When Henderson was brought into court and sworn as a witness in this case he refused to testify, on advice of his counsel. Under the circumstances, the judge could not force the witness to testify and as the witness was at the time actually in prison awaiting trial for murder, it would have been a useless formality for the judge to sentence him to further im- prisonment for contempt. Therefore, when the witness reiterated his refusal to testify, the judge ordered him remanded to jail. There is no merit in defendant's complaint.

■ Defendant complains of the ruling of the judge permitting the introduction in evidence, over his objection, of certain con- traceptives found at his residence by a spe-

cial investigator for the district attorney. The officer who found the contraceptives testified that they were under a pile of rubbish in one of the rooms in defendant's residence. Defendant's daughter, the prosecuting witness, who was present when the contraceptives were removed from the house by the officer, testified that defendant had on occasions used the contraceptives. She also testified that after defendant used a contraceptive he would dispose of it by throwing it behind the rubbish pile, where the special investigator for the district attorney testified the contraceptives were found.

Defendant, as a witness in his own behalf, denied that any contraceptives were contained in his residence. He contended that if they were found in his house they were placed there by some other person. He also contended that he had had some old contraceptives in the glove compartment of his automobile which he had cleaned out. Defendant further produced a witness who testified that at one time the defendant acted as a distributor of those articles for him.

There is no merit in defendant's complaint. The testimony was admissible, the weight to be given to it being for the jury.

Defendant complains of the refusal of the judge to give a special charge to the jury relative to the admission in evidence of certain statements made out of the defendant's presence and hearing. The judge refused to give the charge for the reason that, under the provisions of Article 390 of the Code of Criminal Procedure, both the prosecution and the defense have the right to present to the court, before the argument has begun, any written charge or charges, and request that the same be given to the jury. The requested charge was not in writing and was not presented to the judge until after he had begun to give his written charge to the jury.

The general rule announced by Article 390 of the Code of Criminal Procedure is only directory and either side may request special charges after the delivery of the general charge. State v. Nahoum, 172 La. 83, 133 So. 370; State v. Berryhill, 188 La. 549, 177 So. 663. But since the requested charge was not in writing, this court is not in a position to determine its nature or whether it was applicable to the facts of the case. It was incumbent upon counsel for defendant to object to the admissibility of any incompetent evidence at the time it was tendered by the state. As shown by his per curiam, the judge ruled on the admissibility of all evidence offered by the state to which timely objections were made by counsel for the defendant. There is no merit in defendant's complaint.

For the reasons assigned, the verdict and sentence appealed from are affirmed.

HIGGINS, J., takes no part.