LCHARLES R. JONES, Judge.
The defendant, Sherry Johnson, Jr., appeals his conviction and sentence for the distribution of cocaine. The State of Louisiana also appeals the sentence imposed by the district court. We affirm.
Johnson was charged by bill of information with one count of distribution of cocaine in violation of La. R.S. 40:967(A). A twelve-person jury found him guilty as charged. After a multiple bill hearing, he was adjudged a third felony offender, and he was sentenced to thirty years at hard labor without benefit of probation, parole, or suspension of sentence. The district court denied his motions for post verdict judgment of acquittal and for new trial. Subsequently, Johnson filed a Motion for Appeal, and the State filed a Motion to Appeal the Sentence. The district court granted both motions.
Ty Wiltz, a Narcotics Agent with the Plaquemines Parish Sheriffs Office, testified at trial that on May 28, 1999, the Sheriffs Department used a confidential informant, Donald Crosby, to make an undercover drug buy. Agent Wiltz further testified that his office arranged to meet with Mr. Crosby on May 28, 1999, and that Mr. Crosby informed the officers that on his way to the meeting spot he was approached by three men asking if he was looking for anything or looking for | ..crack cocaine. The agents wired Mr. Crosby with an audio transmitter, so .that any conversation could be heard and recorded. The agents gave Mr. Crosby eighty dollars to use in the drug transaction. Agent Wiltz, Mr. Crosby, and Agent Picou drove past the location bf the vehicle (Johnson was later identified as the driver and William Eskridgé was later identified as the passenger), used to initially approach Mr. Crosby and during the drug transaction, in order to allow the agents an opportunity to verify the location of the suspects and position themselves nearby to be of assistance to Mr. Crosby if needed.
Mr. Crosby exited the agents’ vehicle and walked to the location of Johnson’s vehicle. Mr. Crosby flagged down and approached the passenger side of the vehicle. Once he reached the vehicle, Mr. Crosby informed Eskridge that he was now interested in purchasing four pieces of crack cocaine. Johnson then .put his vehicle in reverse and moved it to a more secluded position to facilitate the drug buy. Mr. Crosby made the purchase using the funds provided by the sheriffs office. Mr. Crosby then proceeded to the designated meeting spot to turn over the drugs purchased. Mr. Crosby later identified the participants of the transaction from a photographic line-up.
Donald Crosby- testified corroborating the testimony of Agent Wiltz.
Dorothea Johnson, Johnson’s wife, testified at trial that on May 28, 1999, her husband was not in his vehicle at the time of the alleged drug deal. She further testified that Johnson had gone, in a vehicle *1232 being driven by someone else, to assist her friend, Amanda Cook, who had ear trouble. Additionally, Mrs. Johnson testified that on that same day she allowed William Esk-ridge, a family friend, to borrow Johnson’s vehicle to visit his mother.
Mrs. Johnson’s testimony was corroborated by the testimony of Ms. Cook.
| ¡¡William Eskridge, who pled guilty to distribution of cocaine charges in connection with the instant case, testified at trial that on the day of the drug transaction he was in fact with Johnson in Johnson’s vehicle, and that Johnson was driving the vehicle at the time of the drug transaction with Mr. Crosby.
There are no errors patent.
In his first assignment of error, Johnson complains that the district court erred in failing to grant his request to include jury instructions on alibi witnesses. Specifically, he alleged that a jury instruction on alibi witnesses was crucial to his defense, and that the jury was never given an opportunity to properly review the weight of the alibi witnesses.
La.C.Cr.P. Art. 801, which provides the time when jury charges should be given, and when written jury charges are required, states that:
The court shall charge the jury after the presentation of all evidence and arguments. The court shall reduce its charge to writing if it is requested to do so by either a defendant or the state prior to swearing of the first witness at the trial on the merits. The court’s written charge shall be read to the jury. The court shall deliver a copy thereof to the defendant and to the state prior to reading it to the jury.
La.C.Cr.P. Art. 727(A) is the only codal article that applies to alibis directly; it provides:
Upon written demand of the district attorney stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such different time as the court may direct, upon the district attorney a written notice of his intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon who he intends to rely to establish such alibi.
| Johnson argues that the use of an alibi is more than a defense, but rather it is evidence used to rebut the State’s case. The Louisiana Supreme Court in State v. Molay, 174 La. 63, 139 So. 759 (1932), stated that proof of an alibi is not a defense, strictly speaking, but is merely a fact shown in contradiction of the state’s evidence.
The district court in the instant matter stated prior to the jury returning to open court for closing arguments:
Mr. Masinter, I can’t find anywhere in the law under the annotations of Article 727 requiring alibi anywhere else where I would find, number one, the necessity to instruct the jury that alibi is a defense. Two, the form of such jury instruction.
[[Image here]]
I believe that alibi is not an affirmative defense. It is an issue raised to rebut the identification testimony against a criminal defendant. As such, my suggestion is argue it in closing to suggest that the State has failed to meet then-burden of proof on the issue of identity of the Defendant.
The district court accurately instructed Johnson’s counsel on the special jury instructions regarding the use of alibi *1233 witnesses. Johnson’s argument that the jurors may not know that they could consider the alibi witnesses in the absence of such instruction was soundly addressed by the district court’s advice to counsel that he argue that the alibi witnesses disproved the State’s allegation that Johnson committed the crime. Therefore, this assignment of error is without merit.
In his second assignment of error, Johnson complains that the district court erred in failing to grant his request for a new trial where there was insufficient evidence to prove his guilt. Specifically, Johnson argues that the State failed to prove that he possessed cocaine.
The standard for reviewing a claim of insufficient evidence has been well discussed and cited by this Court, our Supreme Court and the United States | RSupreme Court. (See State v. Cashen, 544 So.2d 1268 (La.App. 4th Cir.1989); State v. Mussall, 523 So.2d 1305 (La.1988); and Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
A defendant is guilty of distribution of cocaine when he transfers possession or control of cocaine to his intended recipient. State v. Smith, 97-2221 p. 6 (La.App. 4 Cir. 4/7/99), 734 So.2d 826, 831. Only general intent is required. State v. Chatman, 599 So.2d 335, 345 (La.App. 1st Cir.1992). Such intent is established by mere proof of voluntary distribution. Id. The State must show (1) delivery or physical transfer; (2) guilty knowledge of the controlled dangerous substance at the time of transfer; and (3) the exact identity of the controlled dangerous substance. Id.
Transfer of possession or control, i.e. distribution, is not limited to an actual physical transfer between the culpable parties. Rather, distribution may be accomplished by the ■ imposition of a third party. Chatman, 599 So.2d at 346.
La. R.S. 14:24 provides:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
In Chatman, the First Circuit found the evidence was sufficient to support the defendant’s conviction of distribution of cocaine where a third party confidential informant was used to facilitate the drug buy.
In the instant case, Johnson was present and drove the vehicle when William Eskridge initially solicited' Donald Crosby to purchase drugs. Johnson was also present and facilitated the sale of crack cocaine by Mr. Eskridge to Mr. Crosby, by positioning his vehicle in a more secluded location to avoid detection. Mr. Crosby | ^testified that there was nothing in Johnson’s vehicle that prevented him from observing or hearing the drug transaction as it transpired. Agent Wiltz testified that he field-tested the four rocks Mr. Crosby purchased from William Esk-ridge, which were positive for the presence of cocaine. Therefore, the jury did not abuse its discretion in finding that there was sufficient proof to establish Johnson’s guilt, nor did the district court err in denying the Motion for New Trial. This assignment of error is without merit.
In his third assignment of error, Johnson complains that his thirty-year sentence is excessive, and in the State’s sole assignment of error, the State complains that the thirty-year sentence is illegally lenient because Johnson is a third time felony offender.
*1234 At the multiple bill hearing, it was determined that Johnson was one in the same person who had been convicted of the predicate offenses of theft over five hundred dollars and distribution of cocaine. The district court found Johnson to be a third felony offender.
At the time of the offense in this case, La. R.S. 15:529.1(b)(ii) the Habitual Offender Law provided that:
If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years, or any other crime punishable by imprisonment for more than twelve years the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
|7This Court in State v. Warren, 99-0557 pp. 6-8 (La.App. 4 Cir. 9/8/99), 742 So.2d 722, 726-27, discussed the issue of sentencing below the statutory minimum under La. R.S. 15:529.1:
Even though a sentence under the habitual offender law is the minimum provided by that statute, the sentence may still be unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, or is nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906 pp. 6-7 (La.3/4/98), 709 So.2d 672, 677; State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993).
In the instant ease, the district court at the time of sentencing stated:
The court is mindful of the fact that Mr. Johnson could have pled guilty and avoided the consequences of the imposition of 15:529.1 on him. He could have chosen to plead guilty to the charge and avoid the implication of that Article in terms of a life sentence or the other provisions of 15:529.1, such as ineligibility for parole and things of that nature. The court is aware that Mr. Johnson could have pled guilty and received a twenty-five year sentence without those provisions. And those weigh heavy on my mind, that by insisting on his innocence, a potential twenty-five year sentence becomes a life sentence. Those factors convince the court that this is a situation which does allow the court to find that the imposition of a life sentence would be cruel and unusual. And that the court is allowed to deviate from that mandatory minimum sentence.
The district court articulated specific reasons for the thirty-year sentence imposed on Johnson, and why the statutory minimum sentence under the Habitual Offender Law was not constitutionally justifiable. We agree with the district court that Johnson-should not be penalized for exercising his constitutional right to assert his innocence. For the same reasons, there is no merit to Johnson’s nor the State’s assignment of error that the sentence imposed is neither excessive nor too lenient.
| «DECREE
For the foregoing reasons, Sherry Johnson, Jr.’s conviction and sentence are hereby affirmed.

AFFIRMED.

MURRAY, J., dissents in part and assigns reasons.